UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.22-cv-24013-RNS

CHENMING ZHOU,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

**<u>DECLARATION OF CHENMING ZHOU IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND ORDER RESTRAINING TRANSFER OF ASSETS</u>**

I, **Chenming Zhou**, declare and state as follows:

1. I am over 18 years of age, I am a citizen of China and I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Motion for TRO").

3. If called upon to do so, I could and would competently testify to the following facts set forth below.

**<u>Chenming Zhou's Patent Rights</u>**

4. On June 21, 2022, I registered with the United States Patent and Trademark

1

Office one (1) ornamental design patent of a pet center control seat with Registration No. US D955,664S and date of patent of June 21, 2022 (referred to as "664 Patent"). A true and correct copy my federal patent registration along with the accompanying images is attached to the Complaint as Exhibit 1.

5. I am the owner of all rights, title and interest to the 664 Patent, which I created in the year 2020 and which I have used in connection with the sale of pet center control seat.

6. I use the ornamental design of the 664 Patent in connection with the manufacturing, advertising, marketing, offer for sale and/or sale of retail items, in authorized e-commerce stores such as Amazon.

7. I have expended time, money and other resources developing, advertising and otherwise promoting the 664 Patent.

8. I suffer irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives incorporating and infringing the 664 Patent.

9. The harm caused by Defendants is both a monetary loss and a damage to the goodwill of the 664 Patent.

### Defendants' Infringement

10. I discovered Defendants were manufacturing, promoting, advertising, offering for sale and/or selling goods using the 664 Patent, without authorization, through e-commerce stores operating under the seller identities named in Schedule A attached to the Complaint as an Exhibit.

11. I conducted a search which has established that Defendants are using various storefronts including but not limited to; Amazon, eBay and other ecommerce platforms, to sell

and offer to sell products to consumers in the United States and the State of Florida, including the Southern District of Florida, utilizing my 664 Patent without authorization.

12. Prior to filing this lawsuit, I or someone under my direction and supervision personally accessed Defendants' Internet based e-commerce stores operating under their respective seller identifications through the Amazon, eBay and other ecommerce platforms, as identified on Schedule A (hereinafter "Seller IDs"), attached to the Complaint as an Exhibit.

13. Upon accessing each of the e-commerce stores, either I or someone under my direction and supervision was able to view advertisements for products utilizing my 664 Patent, add products to the online shopping cart, and proceed to a point of checkout, for each of Defendants' e-commerce store. Web page captures and screenshots were taken of the infringing products and orders were initiated via each Defendants' Seller IDs.

14. Prior to filing this lawsuit, I or someone under my direction and supervision analyzed each of the screenshots and photographs of the products shown, as they appeared on Defendants' online e-commerce stores, and determined that products are being offered for sale to residents of the United States and the State of Florida using unauthorized and infringing copies of the 664 Patent.

15. I have not assigned, licensed or authorized any of the Defendants to use my 664 Patent.

**Irreparable Injury**

16. Every time Defendants offer to sell and/or sell a product using my 664 Patent there is a direct loss to me.

17. Monetary damages cannot adequately compensate for Defendants' ongoing

infringement because monetary damages fail to address the loss of control over my intellectual property and goodwill.

18.     The ability of Defendants to manufacture, reproduce, modify, distribute and/or display unauthorized copies of the 664 Patent for their own commercial benefit without compensation to me impairs the market value of the 664 Patent since others competing with Defendants' businesses, or in related business areas, will not want to obtain a license to my 064 Patent if it is already associated with a competing business. In addition, potential licensees of my 664 Patent will not want to pay license fees if they see other commercial enterprises taking and using my design patent for their own commercial purposes without paying any fee at all.

19.     Loss of quality control over goods sold utilizing my 664 Patent without my authorization is neither calculable nor precisely compensable.

20.     As a result of Defendants flooding the e-commerce marketplace with unauthorized reproductions and derivatives of my 664 Patent, it is highly probable that I will continue to suffer irreparable harm unless Defendants' infringing activity is stopped.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _12_ day of December, 2022.

*Chen ming Zhou*

Chenming Zhou