**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 22-cv-24013-RNS**

CHENMING ZHOU,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_______________________________________/

**SEALED PLAINTIFF'S EX PARTE MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Chenming Zhou (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby moves *ex parte* for this Honorable Court to grant leave authorizing alternative service of process on the defendants, individuals, partnerships, and unincorporated associations identified on Schedule "A" ("Defendants" hereinafter) of Plaintiff's Amended Complaint (ECF No. 10). Specifically, Plaintiff seeks this Court's authorization to effectuate service of process by e-mail and/or electronic publication in an action arising under the Patent Act Act, 35 U.S.C. § 101, et seq. In support of this request, Plaintiff states as follows:

**Background and Procedural History**

1. Plaintiff, Chenming Zhou ("Plaintiff") filed the present action on December12, 2022 to combat the willful and intentional patent infringement of his patent, namely, a design patent (hereinafter "Plaintiff's Patent") registered with the United States Patent and Trademark

Office ("USPTO"). Plaintiff holds an exclusive patent registration, which Plaintiff utilizes for the selling, marketing and promotion of retail goods. (ECF No. 1, 10).

2. Plaintiff brought the present action to combat the Defendants' knowing and intentional promotion, advertisement, display, distribution, offering for sale and use of the Plaintiff's Patent on the Defendants' stores operating on ecommerce platforms such as AliExpress, Amazon, ebay and Walmart under their respective Seller IDs, all listed in Schedule A to the Amended Complaint. (ECF No. 10).

3. Plaintiff filed his *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion for TRO") (ECF No. 13) which is pending before this Court. Plaintiff has yet to provide Defendants with notice of the instant action. Plaintiff submits this motion so that, if the court is inclined to grant the Motion for TRO, Plaintiff can effectuate service of process under Fed.R.Civ.P. 4 for all pleadings and Orders in this case as well as the referenced Motion for TRO.

4. Should this Court grant Plaintiff's Application for TRO and the instant motion, the Plaintiff will effectuate service of process under Fed.R.Civ.P. 4 for all pleadings and Orders in this case.

5. Alternate service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have provided incomplete and/or false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See* Declaration of Humberto Rubio in Support of

Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process, December 19, 2022 ("Rubio Decl. on Service") at ¶¶ 7-10, attached hereto as an Exhibit.

6. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. *See* Rubio Decl. on Service at ¶ 12.

7. Plaintiff moves to provide alternate service by email and website posting on a designated website as appropriate and necessary in this case because Defendants operate their ecommerce platforms over the Internet and rely on electronic communications to operate their businesses. Therefore, Plaintiff has the ability to contact Defendants directly and provide notice of Plaintiff's claims against them electronically via email. In addition, Plaintiff has created a website at https://www.dropbox.com/sh/7jxnlm9jugvu2lg/AABoMp7AK-Bqiwni_WPb_Uyca?dl=0 where he will post copies of the Complaint, the instant motion, and all other pleadings, motions or orders filed in this action. *See* Rubio Decl. on Service at ¶¶ 3, 5.

8. Plaintiff respectfully submits that an order allowing service of process and service of all filings via e-mail and posting on a designated website will benefit all parties and the Court by ensuring that Defendants receive immediate notice of this action and allow this action to proceed expeditiously. Without leave for alternate service by electronic service as stated above, Plaintiff will almost certainly be unable to serve one or all the Defendants and prevent the Plaintiff from pursuing a final judgment, or lead to prolonged, protracted, and unnecessary litigation.

## MEMORANDUM OF LAW

Plaintiff moves under Fed.R.Civ.Pro. 4(f)(3) to respectfully request leave of this Court to authorize service of process on Defendants via electronic mail ("email") and via website posting.

Fed.R.Civ.P. 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). District courts have great discretion to elect when electronic service and website posting may be used to effectuate service. *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (internal citations omitted) ("[t]he decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court."); *see also Hinsey v. Better Built Dry Kilns, Inc.*, 2009 WL 1766883, *2, (N.D. Ind. June 22, 2009) ("Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case.") (internal quotation marks and citation omitted); *see, e.g.*, *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (authorizing alternative service in China because significant delay was likely if service was sought through the Chinese Ministry of Justice).

Even where the location and identity of the party to be served is known, Rule 4(f)(3), Federal Civil Procedure, permits the court to order service by any means not prohibited by international agreement, as long as the method of service comports with constitutional notions of due process. *Prewitt Enters., Inc. v. Org. of Petrol Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003). All that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Rio Props.*, 284 F.3d at 1016; *see also Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 WL 1740695, at *2–3 (S.D. Fla. Apr. 29, 2010) (Cohn, J.).

The Hague Treaty on Service Abroad and its members do not prohibit the requested relief. (*See* The Hague Convention treaty on service abroad and its signatory member list, also available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17) (last visited December 19,

2022) and https://assets.hcch.net/docs/ccf77ba4-af95-4e9c-84a3-e94dc8a3c4ec.pdf (last visited December 19, 2022); Rubio Decl. on Service at ¶¶ 14, 15. Service of process by e-mail has been upheld in Article 1 of the Hague Convention, which states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." *See Levi Strauss & Co. v. Zhejiang Weidu Garment Co.*, Case No. 16-cv-07824 at *2-3 (N.D. Ill. Nov. 17, 2016);*Strabala v. Qiao Zhang*, Case No. 15-cv-1228 at *FN.36 (N.D. Ill., November 18, 2016) (citation omitted); *In re: LDK Solar Secs. Litig.*, 2008 WL 2415186, *1 (N.D. Cal. June 12, 2008) (authorizing an alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *In re: Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention.").

In addition, Fed.R.Civ.Pro. 4(h)(2) may be used to serve a foreign business entity "in any manner prescribed by Rule 4(f)," including electronic service and website posting under Rule 4(f)(3). *U.S. Commodity Futures Trading Comm'n v. Aliago*, 272 F.R.D. 617, 619 (S.D. Fla. 2011); *see also Phillip Morris USA v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail in trademark action where online stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications"). Therefore, the foreign partnerships or other unincorporated associations provided in Schedule "A" can be served under Rule 4(h)(2) as a foreign individual can be served under Fed.R.Civ.P. 4(f)(3).

In the present case, such electronic service and website posting is necessary due to the circumstances of the Defendants' ecommerce activity and the uncertainty as to the true identity and country of operation. *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018

(9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 WL 5100414 at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant located in China by e-mail and facsimile because the "Hague Convention does not prohibit service by e-mail of facsimile, such means may be authorized under Rule 4(f)(3)."); *Phillip Morris USA v. Veles Ltd.*, 2007 WL 725412 at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail in trademark action where online stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications").

Plaintiff respectfully submits that requesting this relief is necessary where the Defendants are often self-identified on their respective e-commerce stores with incomplete or missing information such as names, addresses and telephone numbers. Due to these deficiencies in the registrant addresses, Plaintiff is unable to determine the identity and physical location of the Defendants. However, evidence strongly suggests that the Defendants reside in and operate from mainland China, and/or other foreign jurisdictions. Specifically, addresses provided on the e-commerce stores indicate that the registrants are in China and other neighboring countries, and often Chinese characters appear in the individual owner names and addresses. *See* Rubio Decl. on Service at ¶ 8.

Even where the e-commerce stores display what appears to be a complete address submitted by Defendants upon registration, this information is inherently unreliable. *See* Rubio Decl. on Service at ¶¶ 7-10. Indeed, the Third Party Platforms do not adequately subject new sellers to verification and confirmation of their identities. "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of

counterfeits and counterfeiters." Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, NW. J. INT'L L. & BUS. (2020) at 24. As a result of this reality, courts in the Southern District of Florida and elsewhere regularly permit service of process on overseas infringers of copyrights and other intellectual property to be completed via Rule 4(f)(3) under similar circumstances. *See Maxis Creations Inc v. The Individuals Partnerships and Unicorporated Associations Identified On Schedule A*, Case No. 1:21-cv-22920-BB (S.D. Fla., J. Bloom, Beth, Aug. 25, 2021); *Weifang Tengyi Jewelry Trading Co., Ltd. v. The Partnerships, et al.*, Case No. 21-CV-551 (N.D. Ill., May 24, 2021) (Kennelly, J.) (Doc. 30); *Wowwee Grp. Ltd. v. Haoqin*, 17-cv-9893 (S.D.N.Y. Mar. 22, 2019).

**PRAYER FOR RELIEF**

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant the following relief:

1) That the Clerk of the Court be directed to issue a single original summons in the name of "Gearking and all other Defendants identified in the Complaint" that shall apply to all Defendants;

2) That Plaintiff be authorized to serve the Complaint, summons, and all filings and discovery in this matter upon each Defendant in this action via email delivery and/or by providing the address to Plaintiff's designated website to Defendants via the email accounts provided by that Defendant (a) as part of the data related to its ecommerce store, including customer service email addresses and onsite contact forms, or (b) via the ecommerce platform email for each of the ecommerce stores; or

3) Via website posting by posting a copy of the Complaint, summonses, and all motions and orders in this matter on Plaintiff's designated website.

WHEREFORE, Plaintiff Chenming Zhou respectfully requests for this Court to grant his *Ex Parte* Motion for Alternative Service and enter an order authorizing alternative electronic service in the form presented in Plaintiff's proposed order on his Motion for a TRO (ECF No. 13) and this Motion for Alternate Service.

Respectfully Submitted this 21st day of December, 2022.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiff
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: apuentes@rubiolegal.cm
Email: info@rubiolegal.com

By:*/s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059
M. Arabella Puentes, Esq
Florida Bar No. 26825