United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Chenming Zhou, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-24013 -Civ-Scola |
| The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A, Defendants. | ) ) ) ) ) |

### SEALED Order Granting *Ex Parte* Motion for Entry of Temporary Restraining Order

This cause is before the Court upon Plaintiff Chenming Zhou's *Ex-Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion for TRO") (Pl.'s Mot. for TRO, ECF No. 13). Zhou moves, *ex parte,* for the entry of a temporary restraining order against the Defendants—Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint (ECF No. 10-2) (collectively the "Defendants")—and an order restraining the financial accounts used by the Defendants pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court has reviewed the Motion for TRO and is otherwise duly advised and for the reasons stated herein, **grants** the motion (**ECF No. 13**).

1. **Background**

On December 12, 2022, Zhou filed the present action for patent infringement alleging that the Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale content using Zhou's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law. (Am. Compl., ECF No. 10).

Zhou owns United States Design Patent, No. US D 955,664S, for an ornamental design of a pet center control seat (hereinafter "the Patent" or "'664 Patent"). The Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. (*See* Pl.'s Am. Compl. at Ex. 1, ECF No. 10-1 ("Pl.'s Patent").) Zhou demonstrated he is the owner of the '664 Patent by submitting copies of the U.S. patent registration. (*See id.*; *see also* Zhou's Decl., December

12, 2022, ¶¶ 4, 5 ("Zhou Decl."), ECF No. 11).

Zhou is the owner of all rights, title, and interest to the '664 Patent, which Zhou advertises, offers for sale and sells in authorized e-commerce stores such as Amazon, among others. (*Id.* at ¶ 6.) Zhou has expended time, money and other resources developing, advertising and otherwise promoting the '664 Patent. (*Id.* at ¶ 7.) The '664 Patent has independent economic value and has generated revenue in relation to the retail items offered for sale in the authorized e-commerce stores. (*Id.* at ¶ 6.) Zhou suffers irreparable injury any time unauthorized sellers, such as the Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the '664 Patent. (*Id.* at ¶ 8.)

Without Zhou's permission or license, the Defendants are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of the Patent within this District through various internet-based e-commerce stores and fully interactive commercial internet websites (such as Amazon, ebay and others) operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. (ECF No. 10-2; *see also* Zhou Decl. at ¶¶ 10, 15.) A comparison of the Defendants' infringing goods with the Patent and any layman can observe the Defendants' infringement of Zhou's exclusive patent rights as the images are virtually exact duplicates or substantially similar images to the '664 Patent. (*Compare* Pl.'s Patent *with* screenshots of the Defendants' products on their e-commerce stores (Dec. 20, 2022, Rubio Decl., Sch. B, ECF No. 12-1 to 12-9 at ¶ 5 & Zhou Decl., ¶¶ 12–15).)

### 2. Legal Standard

The Supreme Court held that in patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity." *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283). The Patent Act also states that "patents shall have the attributes of personal property," including "the right to exclude others from making, using, offering for sale, or selling the invention." *Id.* (quoting 35 U.S.C. § 261).

In a patent case, in order to obtain a preliminary injunction, a party must demonstrate (1) a substantial likelihood of the patentee's success on the merits, (2) irreparable harm if the injunction were not granted, (3) the balance of hardships between the parties, and (4) that granting the injunction would

not disserve the public interest. *Pass & Seymour, Inc. v. Hubbell, Inc.,* 532 F. Supp. 2d 418, 427 (N.D.N.Y. 2007); *Suntrust Bank v. Houghton Mifflin Company,* 268 F.3d 1257, 1265 (11th Cir. 2001); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets relying on affidavits and hearsay materials).

Zhou is entitled to a preliminary injunction based on his patent-infringement claim because he can show all four factors. *See Tinnus Enters., LLC v. Telebrands Corp.,* 846 F. 3d 1190, 1202 (Fed. Cir. 2017).

Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.,* 415 U.S. 423, 439 (1974).

### 3. Conclusions of Law

Zhou and Rubio's declarations (ECF Nos. 13-2, 13-3), submitted in support of Zhou's *Ex Parte* Application for Temporary Restraining Order, support the following conclusions of law:

A.   Zhou has a strong probability of proving at trial that the products the Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of the Patent.

B.   Because of the infringement of the '664 Patent, Zhou is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in the amended complaint, the motion for a temporary restraining order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result before the Defendants can be heard in opposition unless Zhou's request for *ex parte* relief is granted:

   1.   The Defendants own or control internet-based e-commerce stores and websites which advertise, promote, offer for sale, and sell

products bearing infringing images/products in violation of Zhou's rights;

2. There is good cause to believe that more infringing products bearing reproductions and derivatives of the Patent will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

3. There is good cause to believe that if Zhou proceeds on notice to the Defendants of this Application for Temporary Restraining Order, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting Zhou's ability to obtain meaningful relief.

C. The balance of potential harm to the Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to Zhou, and his reputation as the owner of the '664 Patent.

D. The public interest favors issuance of the temporary restraining order to protect Zhou's interests in his patent, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

E. Zhou may be entitled to recover damages as provided by 35 U.S.C. § 289 and 35 U.S.C § 284.

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987.

G. In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal patent laws, Zhou has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Zhou's amended complaint, application for a temporary restraining order, and supporting evidentiary submissions, the Court **grants** Zhou's motion for a temporary restraining order (**ECF No. 13**), under the following terms:

(1) Each of the Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or

participation with any of the Defendants having notice of this Order are temporarily restrained as follows:

    a.    From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of the Patent; and

    b.    From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Zhou, bearing reproductions or derivatives of the Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of Zhou's Patent; or (iii) any assets or other financial accounts subject to this order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2)    Each of the Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this order shall immediately discontinue the use of any unauthorized copies of the Patent on or in connection with all internet-based e-commerce stores owned and operated, or controlled by them, including the internet-based e-commerce stores operating under the Seller IDs.

(3)    The Defendants may not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4)    Upon receipt of notice of this order, the Defendants and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, Paypal, and/or Taobao, and their related companies and affiliates (collectively, the "Third-Party Providers"), must within five (5) business days after receipt of notice of this Order:

    a.    Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial

institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

      b.      Provide Zhou expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the internet-based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5)    Any Defendant or Third-Party Provider subject to this order may petition the Court to modify the asset restraint set out in this order.

(6)    In addition to other methods authorized by law, Zhou may provide notice of these proceedings to third parties by delivery of this order and other relevant documents to the following Online Marketplace platforms, Financial Institutions and/or Third-Party Service Providers at the following addresses:

      i.      Amazon at legal@amazon.com and registrar-abuse@amazon.com;

      ii.      PayPal, attention EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

      iii.      Alipay, attention Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

      iv.      Alibaba, attention Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he @alibaba-inc.com;

      v.      DHgate (including DHPay.com) at Patrol@dhgate.com;

      vi.      Wish, attention Mr. Dwight D. Lueck, Counsel for Wish.com, at dlueck@btlaw.com;

      vii.      eBay, Inc., Ms. Kara Ricupero, Senior Director, Global Information Governance, at kricupero@ebay.com, copyright@ebay.com and/or tros@ebay.com;

      viii.      Stripe, Attn. Legal, at notices@stripe.com;

        ix.        Payoneer, VP of Operations at VPOperations@Payoneer.com and/or

Melissa Godwin, Legal Counsel, at melissa.godwin@us.dlapiper.com;

        x.        Walmart, legal@walmart.com;

        xi.        Joom, IPR Team, ipr@joom.com;

        xii.        PingPong Global Solutions Inc., Legal Department at legal@pingpongx.com.

(7) **The Clerk of the Court is directed to issue a single original summons in the name of "Gearking and all other Defendants identified in Schedule 'A' of the Complaint" that shall apply to all Defendants**. The combination of providing notice via electronic publication and e-mail, along with any notice that the Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise the Defendants of the pendency of the action and afford them the opportunity to present their objections.

(8) This order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Patent at issue in this action and/or unfairly competing with Zhou.

(9) This order shall go into effect immediately upon its entry onto the docket and remain in full force for **two weeks** from the date of entry or until further order of the Court.

(10) Pursuant to Federal Rule of Civil Procedure 65(c), Zhou must post a bond in the amount of **$10,000.00**, as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(11) After Zhou's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Zhou shall serve copies of the amended complaint, application for temporary restraining order, and this order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the internet-based e-commerce stores operating under the respective Seller IDs or by providing a copy of this order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or

marketplace platform, in turn, notifies each of the Defendants of the order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Zhou must post copies of the amended complaint, application for temporary restraining order, and this order, as well as all other documents filed in this action on the website located at https://www.dropbox.com/sh/7jxnlm9jugvu2lg/AABoMp7AK-Bqiwni_WPb_Uyca?dl=0 and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Zhou must continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at https://www.dropbox.com/sh/7jxnlm9jugvu2lg/AABoMp7AK-Bqiwni_WPb_Uyca?dl=0 or by other means reasonably calculated to give notice which is permitted by the Court.

(12) A hearing is set before this Court in the United States Courthouse located at the Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Miami, Florida, 33128, Courtroom 12-3 on **January 4, 2023, at 9:00 am**, at which time the Defendants and/or any other affected persons may challenge the appropriateness of this order and move to dissolve the same and at which time the Court will hear argument on Zhou's requested preliminary injunction. The Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

(13) Any response or opposition to Zhou's Motion for TRO must be filed and served on Zhou's counsel and field with the Court by **noon on January 3, 2023**.

(14) Once Zhou serves the Defendants via the methods set out above, he must, within five days of service, file a motion to unseal or otherwise explain why any materials should remain under seal.

**Done and ordered** in Miami, Florida, on December 22, 2022.

_____
Robert N. Scola, Jr.
United States District Judge