United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Chenming Zhou, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-24013 -Civ-Scola |
| The Individuals, Partnerships and | ) | |
| Unincorporated Associations | ) | |
| Identified on Schedule A, | ) | |
| Defendants. | ) | |

**Order Granting Preliminary Injunction**

This cause is before the Court upon Plaintiff Chenming Zhou's Motion for Entry of a Preliminary Injunction ("Motion") (ECF No. 13). Zhou moves for the entry of a preliminary injunction against a number of the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Complaint, pursuant to 17 U.S.C. § 501(a) and Federal Rule of Civil Procedure 65. Zhou voluntarily dismissed some 119 of the Defendants (ECF No. 30) in this case and agreed to exclude three other Defendants—Joybuy (No. 125), Joybuy America (No. 135) and Joybuy Selection (No. 144) (the "Joybuy Defendants")—from its preliminary injunction motion (ECF No. 29). Accordingly, this order applies only to the Defendants who have not been dismissed or excluded (the "Injunction Defendants").

A hearing was held on January 23, 2023, at which only counsel for Plaintiff and counsel for the Joybuy Defendants were present. No other Defendants appeared. The Court has reviewed the Motion, the record, and the relevant legal authorities and **grants** the motion as to the Injunction Defendants (**ECF No. 13**).

## 1. Background

On December 12, 2022, Zhou filed this action for patent infringement alleging that the Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Zhou's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law. (Am. Compl., ECF No. 10).

Zhou owns a United States Design Patent, No. US D 955,664S, for an ornamental design of a pet center control seat (hereinafter the "Patent" or the "'664 Patent"). Zhou's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law.  (Am. Compl., Ex. No. 1-1, ECF No. 10-1). Zhou

demonstrated he is the owner of the '664 Patent by submitting copies of the U.S. patent registration. (*Id.*; *see also* Chenming Zhou's Dec. 12, 2022, Decl. at ¶¶ 4,5 ("Zhou Decl."), ECF No. 11.)

Zhou is the owner of all rights, title, and interest to the '664 Patent, which Zhou advertises, offers for sale, and sells in authorized e-commerce stores such as Amazon, among others. (Zhou Decl. at ¶ 6.) Zhou has expended time, money, and other resources developing, advertising and otherwise promoting the '664 Patent. (*Id.* at ¶ 7.) The '664 Patent has independent economic value and has generated revenue in relation to the retail items offered for sale in the authorized e-commerce stores. (*Id.* at ¶ 6.) Zhou suffers irreparable injury any time unauthorized sellers, such as the Injunction Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the '664 Patent. (*Id.* at ¶ 8.)

Without Zhou's permission or license, the Injunction Defendants are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Zhou's Patent within this district through various internet-based e-commerce stores and fully interactive commercial internet websites (such as Amazon, ebay and others) operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. (Compl., Ex. No. 2, "Schedule A," ECF No. 10-2); *see also* Zhou Decl. at ¶¶ 10, 15.) A simple comparison of the Injunction Defendants' infringing goods with Zhou's Patent and any layman can observe the Injunction Defendants' infringement of Zhou's exclusive patent rights as the images are virtually exact duplicates or substantially similar images to the '664 Patent. (*Compare* Patent at Ex. 1 (ECF No. 10-1) *with* screenshots of the Injunction Defendants' products on their e-commerce stores (Sch. B., ECF Nos. 12-1 to 12-9); Humberto Rubio, December 20, 2022, Decl. ("Rubio TRO Decl.") at ¶ 5, ECF No. 12; Zhou Decl. at ¶¶ 12–15.)

### 2. Legal Standard

The United States Supreme Court held that, in patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity." *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act, provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283). The Patent Act also states that "patents shall have the attributes of personal property," including "the right to exclude others from making, using, offering for sale, or selling the invention" *Id.* (quoting 35 U.S.C. § 261).

In a patent case, in order to obtain a preliminary injunction, a party must demonstrate (1) a substantial likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) that granting the injunction would not disserve the public interest. *Pass & Seymour, Inc. v. Hubbell, Inc.,* 532 F. Supp. 2d 418, 427 (N.D.N.Y. 2007); *Suntrust Bank v. Houghton Mifflin Company,* 268 F.3d 1257, 1265 (11th Cir. 2001); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.,* 51 F. 3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets relying on affidavits and hearsay materials).

Zhou is entitled to a preliminary injunction based on its patent infringement claim because it can show all four factors. *See Tinnus Enters., LLC v. Telebrands Corp.,* 846 F. 3d 1190, 1202 (Fed. Cir. 2017). In addition, the standard for granting a preliminary injunction is the same as that for granting a temporary restraining order in the Eleventh Circuit. See *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225 (11th Cir. 2055).

### 3. Analysis

The declarations Zhou has submitted in support of his Motion for Preliminary Injunction support the following conclusions of law:

A.      Zhou has a strong probability of proving at trial that the products the Injunction Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of Zhou's Patent.

B.      Because of the infringement of Zhou's Patent, he is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted. The following specific facts, as set forth in the Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Zhou and consumers because it is more likely true than not that:

1.      The Injunction Defendants own or control internet-based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing infringing images in violation of Zhou's rights;

2.      There is good cause to believe that more infringing products bearing reproductions and derivatives of the Zhou's Patent will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

C.      The balance of potential harm to the Injunction Defendants in restraining their trade in infringing goods if a temporary restraining order is

issued is far outweighed by the potential harm to Zhou and his reputation as the owner of the Patent.

D.      The public interest favors issuance of the preliminary injunction to protect Zhou's patent interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

E.      Under 15 U.S.C. section 1117(a), Zhou may be entitled to recover, as an equitable remedy, the illegal profits gained through the Injunction Defendants' distribution and sales of goods bearing counterfeits and infringements of Zhou's Patent. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.,* 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under [section] 1117(a) is not synonymous with an award of monetary damages: an accounting for profits is an equitable remedy subject to the principles of equity." (alteration added; alterations adopted; quotation marks omitted; quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.,* 299 F.2d 772, 777 (7th Cir. 1962)).

F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.,* 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.,* 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.      In light of the inherently deceptive nature of the infringing business, and the likelihood that the Injunction Defendants have violated federal patent laws, Zhou has good reason to believe the they will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

For the foregoing reasons, the Court **grants** Zhou's Motion for Preliminary Injunction (ECF No. 13) as follows:

(1)      Each of the Injunction Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Injunction Defendants having notice of this Order are temporarily enjoined and restrained as follows:

> a.      From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of Zhou's Patent; and

> b.      From secreting, concealing, destroying, selling off, transferring,  or otherwise disposing of: (i) any products, not manufactured or distributed by Zhou, bearing reproductions or derivatives of Zhou's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of Zhou's Patent; or

(iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Injunction Defendants, including, but not limited to, any assets held by or on behalf of any of the Injunction Defendants.

(2)     Each of the Injunction Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Injunction Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of Zhou's Patent on or in connection with all internet-based e-commerce stores owned and operated, or controlled by them, including the internet-based e-commerce stores operating under the Seller IDs.

(3)     Each of the Injunction Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4)     Upon receipt of notice of this Order, the Injunction Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Injunction Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, Paypal, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), must, after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Injunction Defendants' benefit or to be transferred into the Injunction Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) must be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5)     Upon receipt of notice of this Order, the Injunction Defendants and the Third Party Providers must continue to provide Zhou information regarding the (i) the identity of all financial accounts and/or sub-accounts associated with the internet-based e-commerce stores operating under the Seller IDs identified on Schedule "A," as well as any other accounts of the same

customer(s); (ii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(6)      Any Injunction Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(7)      This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by the Injunction Defendants for the purpose of infringing Zhou's Patent at issue in this action and/or unfairly competing with Zhou.

(8)      This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

(9)      The Court determines that the bond in the amount of **$10,000.00**, posted by Zhou as evidenced by his notice (ECF No. 25) is sufficient and shall remain with the Court until a final disposition or until this preliminary injunction is dissolved or terminated or until further Order.

**Done and ordered** in Miami, Florida on January 23, 2023.

Robert N. Scola, Jr.
United States District Court Judge