UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CHENMING ZHOU,<br><br>　　　　PLAINTIFF<br>　vs.<br><br>THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　DEFENDANTS | Index No.: 22-cv-24013-RNS<br><br>**VERIFIED ANSWER** |

Defendants, Micnaron LLC (No. 268), Carperipher (No. 283), SSAWcasa (No. 271), Outamateur (No. 278), and yadi-001 (No. 259), (hereinafter, collectively referred to as the "DefendantS")  hereby respond to the Amended Complaint ("Complaint") [DKT 10] of Plaintiff, Chenming Zhou. ("Plaintiff") as follows:

## INTRODUCTION

1. Deny the allegations in paragraph 1 of the Complaint.

2. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 2 and therefore denies the same.

3. Deny the allegations in paragraph 3 of the Complaint.

4. Deny the allegations in paragraph 4 of the Complaint.

5. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 5 and therefore denies the same.

## PARTIES

6. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 6 and therefore denies the same.

7. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 7 and therefore denies the same.

8. Admit that Defendants reside in the People's Republic of China, and deny any remaining allegations in paragraph 8 of the Complaint.

9. Admit that Defendant offers certain goods to consumers throughout the United States, and deny any remaining allegations in paragraph 9 of the Complaint.

10. Deny the allegations in paragraph 10 of the Complaint.

11. Neither admit or deny the allegations set forth in paragraph 11 of the Complaint and leave Plaintiff to prove.

12. Deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14. Neither admit or deny the allegations set forth in paragraph 14 of the Complaint and leave Plaintiff to prove.

15. Neither admit or deny the allegations set forth in paragraph 15 of the Complaint and leave Plaintiff to prove.

16. Neither admit or deny the allegations set forth in paragraph 16 of the Complaint and leave Plaintiff to prove.

## GENERAL ALLEGATIONS

17. Neither admit or deny the allegations set forth in paragraph 17 of the Complaint and leave Plaintiff to prove.

18. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 18 and therefore denies the same.

19. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 19 and therefore denies the same.

20. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 20 and therefore denies the same.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 33 and therefore denies the same.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. D955,664S
### 35 U.S.C. § 271

36. Defendants repeat and reallege their answers to paragraphs 1–35 above as if fully set forth herein at length.

37. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 37 of the Complaint.

38. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 38 of the Complaint.

39. Deny the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint.

50. Deny the allegations in paragraph 50 of the Complaint.

**PRAYER FOR RELIEF**

51. Deny that Plaintiff is entitled to any of the relief it seeks in its Prayer for Relief or any other relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

52. One or more of the claims of the US D 955,664S Patent are invalid for failure to satisfy one or more requirements of the patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§101, 102, 103, 112, and/or 117.

**SECOND AFFIRMATIVE DEFENSE**

53. Plaintiff's claims are barred in whole or in part by the notice provisions of the Patent Act, 35 U.S.C. § 287(a).

**THIRD AFFIRMATIVE DEFENSE**

54. Plaintiff has suffered no irreparable harm, and, if the asserted patent is found to be valid and infringed, Plaintiff has adequate remedies at law.

**FOURTH AFFIRMATIVE DEFENSE**

55. Plaintiff's claims are barred in whole or part by the doctrines of acquiescence, estoppel, waiver, or laches.

**FIFTH AFFIRMATIVE DEFENSE**

56. Plaintiff's claims are barred in whole or part because the Complaint fails to state facts or may fail to state facts sufficient to permit recovery of statutory damages against Defendants and, therefore, no such award should be granted.

**SIXTH AFFIRMATIVE DEFENSE**

57. Plaintiff's claims are barred in whole or part because Plaintiff has sustained no loss or damages.

**SEVENTH AFFIRMATIVE DEFENSE**

58. Defendants have not directly or indirectly infringed, and is not directly or indirectly infringing, any claim of the US D 955,664S Patent, either literally or under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred in whole or part based on the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE

60. Plaintiff has failed to mitigate its damages, if any.

## TENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

62. Defendants reserve the right to amend these separate affirmative defenses upon the completion of appropriate investigation and discovery.

## PRAYER

**WHEREFORE**, Defendants respectfully request:

A. Dismissing each of the claims, and relief requested, in Plaintiff's Amended Complaint in its entirety;

B. Granting the answering Defendants costs, attorney's fees and expenses incurred defending this matter; and

C. Granting the Defendants all other appropriate relief

## JURY DEMAND

Defendants demand a trial by jury on all issues triable by a jury.

Dated: March 6, 2023
Queens, New York

J. ZHANG AND ASSOCIATES, P.C.

*/s/ Jiyuan Zhang*

_____
Jiyuan Zhang, Esq.(*Pro Hac Vice*)
13620 38th Avenue, #11G
Flushing, New York 11354
T: 1(607) 948-3339
F: 1(917) 341-7980
contact@jzhanglaws.com

Jianyin Liu, Esq. (FBN: 1007675)
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
jamesliulaw@gmail.com
Ph: (305) 209 6188

Attorneys for Defendants,
*Micnaron LLC (No. 268), Carperipher (No. 283), SSAWcasa (No. 271), Outamateur (No. 278), and yadi-001 (No. 259)*

**AFFIRMATION OF SERVICE**

I hereby certify that on March 6, 2023, a copy of the foregoing was served on counsel of record and interested parties by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/ Jiyuan Zhang*