IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.: 22-cv-24013-RNS

CHENMING ZHOU,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

    Defendants.

_____/

**DEFENDANTS EMOJITO, HONGKONG YIDARTON TRADING CO. LT, YIDADRTON, AND KRISIMIL WALRT FASHION GROCERY's MOTION TO SET ASIDE CLERK'S DEFAULT**

Defendants, EMOJITO (Def. No. 2), HONGKONG YIDARTON TRADING CO. LT (Def. No. 132), YIDARTON (Def. No. 133) and KRISIMIL WALRT FASHION GROCERY (Def. No. 163) (collectively "Defendants"), by and through the undersigned counsel and pursuant to Local Rule 7.1 and Fed. R. Civ. P. 55(c), hereby file their Motion to Set Aside the Clerk's Default and state as follows:

## BACKGROUND

On December 12, 2022, Plaintiff filed its complaint alleging hundreds of defendants, including EMOJITO (Def. No. 2), HONGKONG YIDARTON TRADING CO. LT (Def. No. 132), YIDARTON (Def. No. 133) and KRISIMIL WALRT FASHION GROCERY (Def. No. 163), were selling products that infringed Plaintiff's design patent USD955664S1 (hereinafter "Plaintiff's Alleged Patent"). [DE 1]. On February 15, 2023, Plaintiff filed its Motion for Clerk's Entry of Default. [DE 60]. On February 23, 2023, Plaintiff filed the affidavits showing proof of

service. [DE 72]. On February 24, 2023, the Clerk entered defaults against the Defendants. [DE 76].

The undersigned counsel was asked to represent the Defendants and cleared the relevant conflict checks on Friday, April 21, 2023. At the time, it was undetermined whether good service was effectuated upon Defendants, and after an investigation, it was determined there was no grounds to contest service of process.

## ARGUMENT

Pursuant to Federal Rules of Civil Procedure 55 (c), the court may set aside entry of default for "good cause." Good cause is a mutable standard, varying from situation to situation. *Compania Interamericana Export-Import, S.A.*, 88 F 3d 948, 951 (11th Cir. 1996). In determining whether "good cause" has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default. *Id*.

To begin, "the standard to be applied to set aside an entry of default must be distinguished from the standard applied to set aside a default judgement. In particular, the 'excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.'" *Tyco Fire & Sec. v. Alcocer*, No. 04-23127-CIV, 2009 U.S. Dist. LEXIS 27720, at *4 (S.D. Fla. Mar. 23, 2009) (quoting *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, INC.*, 896 F.2d 524, 528 (11th Cir. 1990)).

1. ***Default was not culpable or willful.***

Defendants did not culpably or willfully default. As described by the 11th Circuit, a "party

willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings." *Compania Interamericana*, 88 F.3d at 951.

In this case, Defendants are foreign-based and are not experienced or knowledgeable in dealing with the U.S. court system and legal procedures. Defendants did not fully understand the ramifications for their failure to timely respond to the Complaint.

Regardless, Defendants did not act in any culpable or willful disregard for this Court. In fact, Defendants believed in good faith that this case would be settled with Plaintiff before incurring attorneys' fees and court costs. Defendants were served on January 13, 2023, and through and after conferring with counsel, Defendants began settlement discussions with Plaintiff on February 7, 2023. On March 8, 2023, Plaintiff provided a settlement offer to Defendants. As such, Plaintiff was well aware that Defendants maintained representation and that Defendants had the intent to address this matter before even filing for default on February 15, 2023. As such, Defendants had a reasonable, good faith belief settlement negotiations were still ongoing. *See Chunara v. SOL Glob. Invs. Corp.*, No. 22-22167-CIV, 2023 U.S. Dist. LEXIS 58226, at *8-9 (S.D. Fla. Apr. 3, 2023) (holding the default was not culpable or willful in part because defendants reasonably believed settlement discussions were still ongoing). Thereafter, Plaintiff failed to respond to subsequent communications, and Defendants promptly filed this motion.

In sum, Defendants did not act in any intentional or reckless disregard for this Court, and Defendants did not culpably or willfully default.

2.     ***Setting aside default will not prejudice the adversary.***

Next, this Court setting aside the Clerk's Default will not prejudice the Plaintiff. Since the filing of the February 24, 2023 Clerk's Default, there has been minimal litigation, with most filings being dismissals. The matter is in its preliminary stage and permitting the parties to litigate the

case on the merits is in accordance with the court's "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found*, 789 F.3d 1239, 1244–45 (11th Cir. 2015).

Plaintiff's presumable issue with setting aside the Clerk's Default is delay. However, as discussed above, there has been minimal litigation in this case since the Clerk's Default. Moreover, "delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55…[The plaintiff would have to show] that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin IT Media, Inc. v. Intelligentz Corp.,* No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *7 (S.D. Fla. Jan. 16, 2008).

As such, this Court setting aside the Clerk's Default will not prejudice Plaintiff.

### 3. *Defaulting party defenses.*

Defendants raise several meritorious defenses. Regarding meritorious defense, a "likelihood of success is not the measure . . . . Instead, the movant need only provide a hint of a suggestion that [its] case has merit." *Suntrust Bank v. Armsey*, No. 09-CIV-80606, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) (citations and internal quotation marks omitted). Additionally, a court "cannot and should not decide whether these arguments have merit. Instead, the Court's review at this juncture is limited to an inquiry of whether Defendant's allegations are entirely devoid of merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *8-9 (S.D. Fla. Jan. 16, 2008).

In this case, Defendants raise the following defenses:

a.      Non-Infringement

Defendants do not infringe upon Plaintiff's Alleged Patent. "Determining whether a design patent is infringed is a two-step process. First, when appropriate, the design patent's claims are construed. Second, the patented design is compared to the accused device." *Pride Family Brands,*

*Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1223-24 (S.D. Fla. 2014).

Plaintiff's Alleged Patent claims an ornamental design for a pet center control seat, as shown and described:



**Plaintiff's Alleged Patent - USD955,664S.**

A design patent provides a very thin layer of protection, only protecting "the ornamental features—essentially, the appearance—of the patented design." *Proslide Tech., Inc. v. Whitewater W. Indus., Ltd.*, No. 6:20-cv-2189-CEM-DCI, 2023 U.S. Dist. LEXIS 36757, at *16 (M.D. Fla. Jan. 20, 2023). Indeed, when Plaintiff's Alleged Patent is compared to Defendants allegedly infringing products, many key, distinguishable design differences are visible to a layperson, as seen below:



**Plaintiff's claimed design (left) and Defendants allegedly infringing product (right).**

The first comparison (1) shows how the two designs of the edge of the respective products is different. Plaintiff's Alleged Patent has a zipper design, while Defendants' product has no zipper design. The second comparison (2) shows how the front side designs of the two products is different. Plaintiff's Alleged Patent does not have any design, while Defendants' product has

leather sewing designs. The third comparison (3) shows how the front side buckles of the two products are different. Plaintiff's Alleged Patent has a square buckle design, while Defendants' product is a triangle buckle design. The fourth comparison (4) shows how the two designs of the upper part of the front side of the product is different. Plaintiff's Alleged Patent is a square design, while Defendants' product is a bone-like design with a depression in the middle. The fifth comparison (5) shows how the perimeter and front connections of the two products are different. Plaintiff's Alleged Patent is flat, while the upper part of the front side of Defendants' product is higher than the surrounding part. The sixth comparison (6) shows how the designs of the side of the two products are different. There is no symbol mark in Plaintiff's Alleged Patent, while Defendants' product has a symbolic "dog paw print" design. The seventh comparison (7) shows how the two designs of the bottom of the products are different. The bottom strap of Plaintiff's Alleged Patent is fixed and has no anti-slip particle design on the bottom, while Defendants' strap is detachable and has anti-slip particle design on the bottom.

In sum, Defendants products do not infringe Plaintiff's Alleged Patent, and Defendants present a meritorious defense.

b.      Invalidity

Defendants raise the defense of invalidity of Plaintiff's Alleged Patent. Plaintiff's Alleged Patent is invalid because it is anticipated by prior art, obvious over prior art, and functional in nature.

First, Plaintiff's Alleged Patent is anticipated by other publications. Plaintiff's Alleged Patent was granted on June 21, 2022, with a priority filing date of September 27, 2020. However, DOTOUUD Small Dog Car Booster Seat, as seen below, was published on July 18, 2020, and the DOTOUUD Small Dog Car Booster Seat fully anticipates the Plaintiff's Alleged Patent. (Exhibit

1).



**DOTOUUD Small Dog Car Booster Seat on Amazon.com**

During patent prosecution, the Examiner rejected Plaintiff's Alleged Patent, citing the DOTOUUD Small Dog Car Booster Seat ("DOTOUUD Reference") as prior art. (Exhibit 2). To overcome this rejection, Plaintiff cited a declaration stating that Plaintiff's first authorized public disclosure was on July 15, 2020, beating the date of the other disclosure on July 18, 2020. (Exhibit 3). Specifically, Plaintiff stated that he/she authorized CHANLAU to publish and sell the design on July 15, 2020 ("CHANLAU Reference"). (Exhibit 4). Although the Examiner thought this was enough to eliminate the DOTOUUD Reference as prior art, that is blatantly inconsistent with the MPEP and 35 U.S.C. 102-03.

35 U.S.C 102(a) provides that "a person shall be entitled to a patent unless — (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." As such, the DOTOUUD Reference is in fact prior art because it was published before Plaintiff's Alleged Patent priority filing date of September 27, 2020. Although the CHANLAU Reference was published before the DOTOUUD Reference, a public disclosure authorized by an inventor does not move the priority date of a patent back to that date. The AIA is a first to file system.

Plaintiff may argue that that DOTOUUD Reference fits within the 35 U.S.C. 102 (b) exceptions, which provides:

> "A disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention under subsection (a)(1) if—
> (A) the disclosure was made by the inventor or joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor; or
> (B) the subject matter disclosed had, before such disclosure, been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor."

In other words, 35 U.S.C. 102 (b) provides an inventor with a one year grace period for disclosure made by them or anyone authorized by them, eliminating those publications as prior art under the anticipation and obviousness examination. Here, the CHANLAU Reference and the DOTOUUD Reference are completely different publications. The DOTOUUD Reference was not "made by the inventor" or someone authorized by the inventor. The CHANLAU Reference may not be prior art that can be used against the Plaintiff; however, the CHANLAU Reference does not move Plaintiff's priority date back until July 15, 2020. Plaintiff's Alleged Patent priority filing date is September 27, 2020. The DOTOUUD Reference does not fit within the exceptions of 35 U.S.C. 102(b), and thus, the DOTOUUD Reference, published on July 18, 2020, is prior art that must be considered in the anticipation and obviousness analysis.

As seen above, the DOTOUUD Reference anticipates Plaintiff's Alleged Patent based on overall shape design, button design, bottom strap design, the square pillow design, etc. Accordingly, the DOTOUUD Reference anticipates Plaintiff's Alleged Patent because each and every design element claimed by Plaintiff is embodied in a single prior art.

Second, Plaintiff's Alleged Patent is invalid because it is obvious in view of other publications. As discussed above, the Examiner of Plaintiff's Alleged Patent rejected the claim as unpatentable over the DOTOUUD Reference in view of US20080184937A1. As provided above, the Examiner erred in dismissing the DOTOUUD Reference as prior art, and therefore, Plaintiff's Alleged Patent is in fact unpatentable over the DOTOUUD Reference in view of US20080184937A1. (Exhibit 2).

Moreover, other prior art publications were not considered in the obviousness examination of Plaintiff's Alleged Patent. Such references include: Collapsible vehicle safety apparatus for animals (US5005526A); Portable pet booster seat apparatus (US5551373A); and Portable pet booster seat (US7383789B2). These references, among others and considered with the DOTOUUD Reference and US20080184937A1, contain each and every claimed element and render Plaintiff's claimed design obvious. Thus, these references make Plaintiff's Alleged Patent invalid as obvious over prior art.

Finally, Plaintiff's Alleged Patent is functional in nature, and therefore, not valid. "A design patent protects only novel, non-functional features. 'Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent.'" *Lentek Int'l Inc. v. Sharper Image Corp.*, 164 F. Supp. 2d 1302, 1306 (M.D. Fla. 2001) (quoting *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997)). Moreover, "a design patent is directed to

the appearance of an article of manufacture. An article of manufacture necessarily serves a utilitarian purpose, and the design of a useful article is deemed to be functional when the appearance of the claimed design is 'dictated by' the use or purpose of the article." *L.A. Gear*, 988 F.2d at 1123.

As seen in the referenced patents above, a car seat for pets is functional on every level. For example, the walls ensure the animal does not fall out, the straps on the bottom ensure that the seat does not move, and the front buttons allow the animal to enter and exit the seat. As a result, the claimed design is dictated by the use or purpose of the article. Once removing the functional elements, Plaintiff does not have a valid patent remaining. Moreover, this analysis must guide the non-infringement argument above because Defendants cannot infringe upon the invalid claim or functional portions of Plaintiff's Alleged Patent.

c. Inequitable Conduct

Finally, Plaintiff has engaged in inequitable conduct, and as such, Defendants do not infringe Plaintiff's Alleged Patent because Plaintiff does not have the right to enforce it.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). "To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id*. at 1287.

In this case, Plaintiff was aware of some or all of the patents and publications referenced above. However, Plaintiff did not disclose this material information to the PTO and had specific intent to deceive the PTO.

Thus, Plaintiff does not have the right to enforce Plaintiff's Alleged Patent, and therefore,

Defendants are not liable to Plaintiff.

In sum, Defendants raise the defenses of non-infringement, invalidity of Plaintiff's Alleged Patent, and inequitable conduct by Plaintiff. As such, Defendants raise a meritorious defense and the Court should vacate the Clerk's Default.

### 4.   *Financial loss to defaulting party.*

Defendants would suffer extreme financial hardship should the Clerk's Default stand. In effect, the Clerk's Default grants Plaintiff's prayer for injunctive relief, attorney fees, expenses, and costs. As such, Defendants will lose significant money, investments, time, potential inventory and future revenue.

### 5.   *Defaulting party acted promptly.*

As mentioned above, on February 24, 2023, the Clerk entered default against the Defendants. [DE 76]. On March 8, 2023, Plaintiff provided a settlement offer to Defendants. Defendants, in good faith, relied on the communication from Plaintiff, believing this dispute would be settled. Due to these good faith beliefs, Defendants failed to respond before the Clerk's Default. After Plaintiff suddenly stopped communicating with Defendants, Defendants acted promptly and filed this motion to vacate the Clerk's Default. *See James River Ins. Co. v. SM-Ashley Park, LLC*, No. 3:10-CV-23-J-32TEM, 2010 U.S. Dist. LEXIS 129700, 2010 WL 5092420, at *3 (M.D. Fla. Nov. 16, 2010) (finding no willful or culpable conduct where defendant responded to default judgment six months after clerk entered default).

As a result, Defendants acted promptly to correct the Clerk's Default and as such, the Court should vacate the Clerk's Default.

## CONCLUSION

In sum, Defendants have proven good cause for this Court to set aside the Clerk's Default

because Defendants did not culpably or willfully default, setting aside the Clerk's Default will not prejudice Plaintiff, Defendants raise meritorious defenses, Defendants would suffer extreme financial hardship should the Clerk's Default stand, and Defendants acted promptly to correct the Clerk's Default.

Defendants respectfully request that this Honorable Court grant this Motion to Set Aside the Clerk's Default and permit Defendants to file an Answer to the Complaint with 10 days, and for any other relief this court deems just and proper.

## CERTIFICATE OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), on May 1, 2023, counsel for Plaintiff and Defendants met and conferred via telephone conference on the substance of this motion. Plaintiff's counsel requested 48 hours to confer with the plaintiff, and, ultimately, no agreement was made related to the instant motion's relief.

DATED May 4, 2023.

Respectfully submitted,

s/ Benjamin W. Dowers

Benjamin W. Dowers
Fla. Bar No.: 91401
bwd@guntherlegal.com
Gunther Legal, PLLC
1800 SE 10th Ave, Suite 340
Fort Lauderdale, FL 33316
954-556-1487

Attorneys for Defendants
EMOJITO, HONGKONG
YIDARTON TRADING CO. LT,
KRISIMIL WALRT FASHION
GROCERY, AND YIDARTON

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, I certify that the foregoing document is being served this day on all counsel of record or pro se parties via CM/ECF and via.

DATED May 4, 2023.                                    Respectfully submitted,

                                                                         s/ Benjamin W. Dowers

Benjamin W. Dowers
Fla. Bar No.: 91401
bwd@guntherlegal.com
Gunther Legal, PLLC
1800 SE 10th Ave, Suite 340
Fort Lauderdale, FL 33316
954-556-1487

Attorneys for Defendants
EMOJITO, HONGKONG YIDARTON TRADING CO. LT, KRISIMIL WALRT FASHION GROCERY, AND YIDARTON