IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CHENMING ZHOU,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.

CIVIL CASE NO.
1:22-CC-24013-RNS

---

### PLAINTIFF CHENMING ZHOU'S RESPONSE TO DEFENDANTS EMOJITO, HONGKONG YIDARTON TRADING CO. LT., YIDARTON, AND KRISIMIL WALRT FASHION GROCERY'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Plaintiff Chenming Zhou ("Plaintiff") by and through the undersigned counsel and pursuant to Local Rule 7.1, hereby files his response to Defendants Emojito (Def. No. 2), Hongkong Yidarton Trading Co. Lt. (Def. No. 132), Yidarton (Def. No. 133), and Krisimil Walrt Fashion Grocery's (Def. No. 163) (collectively, "Defendants") Motion to Set Aside Clerk's Entry of Default (ECF No. 104). For the reasons stated below, the Court should deny Defendants' motion, grant Plaintiff's motion to enter default judgment[1].

## BACKGROUND

A brief timeline demonstrates that Defendants' failure to respond to this lawsuit was not just mere "excusable neglect" but was instead willful conduct that warranted the entry of default. Plaintiff filed his complaint against Defendants and others on December 12, 2022 for infringing

---

[1] Plaintiff's motion for default judgment is forthcoming.

1

his design patent (USD955664S1) (the "Patent") (ECF No. 1). Defendants were served properly on January 13, 2023. (ECF No. 72). Defendants' answer/response to the lawsuit was due February 3, 2023. (*Id.*) Defendants did not respond to the lawsuit, despite having intellectual property legal counsel. Nor did Defendants move for an extension of time to respond to the lawsuit. Therefore, on February 23, 2023, Plaintiff filed a Motion for Clerk's Entry of Default. (ECF No. 73). The Clerk's Entry of Default was filed the following day – February 24, 2023. (ECF No. 76).

Defendants had notice of this lawsuit on January 13, 2023 but disregarded Plaintiff's Complaint, the Federal Rules of Civil Procedure, this Court's Local Rules, and the deadline for filing a responsive pleading.

## LEGAL AUTHORITIES AND ANALYSIS

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside a clerk's entry of default upon a showing of "good cause" by the defendant. Fed. R .Civ. P. 55(c). It is the defendant's burden to establish good cause. *Sherrard v. Macy's Sys. and Tech. Inc.*, 724 Fed. App'x 736, 738 (11th Cir. 2018). "The good cause standard is highly discretionary and fact-specific." *Qualink, Inc. v. C.P. Motion, Inc.*, 2009 U.S. Dist. LEXIS 138944, at 4 (S.D. Fla. Sept. 21, 2009). The Eleventh Circuit has provided the following guidance for determining whether good cause exists to set aside a clerk's entry of default:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be

regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default.

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996). These are factors courts may consider, but are neither limited to nor are they required. *Id.*

"When 'a litigant has been given ample opportunity to comply with the [federal rules and] court orders but fails to effect any compliance, the result may be deemed willful.'" *SEC v. Johnson*, 436 Fed. App'x 939, 945 (11th Cir. 2011) (citation omitted). In considering whether a party's default is willful and culpable, courts consider how quickly a defendant acts to remedy the default upon learning of its failure to timely respond to the complaint. *See Annon Consulting, Inc. v. Bionitrogen Holdings, Corp.* 650 Fed. App'x 729, 731 (11th Cir. 2016).

In *Annon Consulting, Inc. v. Bionitrogen Holdings, Corp.,* the defendants knew of the complaint but did not file an answer because the parties were engaged in settlement negotiations. When negotiations failed, the clerk's default was entered against the defendants. The Eleventh Circuit affirmed the district court's denial of the motion to set aside the clerk's default, stating in part: "Because Defendants knew of [the plaintiff's] complaint and of the clerk's initial entry of default and still failed to file a responsive pleading, the default can be deemed willful." *Annon v. Bionitrogen* at 732.

The same situation and analysis apply here. In this case, Defendants do not argue they inadvertently missed a deadline. Nor do they argue they did not receive proper notice of the lawsuit[2]. Rather, Defendants had actual knowledge of the lawsuit for 43 days before the default

---

[2]  In fact, Defendant concede that good service was effectuated by the Plaintiff over Defendants over four months ago. ECF No. 104 at 2.

3

was entered[3]. *See Qualink, Inc. v. C.P. Motion, Inc.* at 4 (upholding entry of default and default judgment where defendants had an "internal breakdown in communication" and had notice of the action for over fifty days before the default was entered). Furthermore, it took Defendants *70 days* after the Clerk's entry of default to file their motion to set it aside. (February 24, 2023 – May 4, 2023), hardly a swift attempt to remedy the default. Additionally, to this date, Defendants have not filed an answer or other responsive pleading. That Defendants "are foreign-based and are not experienced or knowledgeable in dealing with the U.S. court system and legal procedures" is not only unlikely, it does not absolve them of their responsibility to comply with the rules of this Court. (Mot. at 3.) Defendants are sophisticated manufacturing and sales companies, all capable of utilizing this country's commerce system to conduct business and negotiate legal settlements. In fact, Defendants were represented by intellectual property legal counsel as early as February 7, 2023 (and most certainly before then), who reached out to Plaintiffs to initiate settlement discussions. Enclosed as Exhibit "A" is email from intellectual property counsel for Defendants. Enclosed as Exhibit "B" is Declaration of Humberto Rubio Jr., Esq. in support of this Response in Opposition to Defendants' Motion dated May 17, 2023 ("Rubio Decl.")

      Defendants have offered no reason for their continued failure to respond to this lawsuit. Defendants should not be entitled to effectively halt judicial proceedings by purporting to settle a case. Settlement negotiations occur in most cases throughout the course of litigation. This does not mean the parties are permitted to disregard the rules of the court. Once a litigant is involved in the

---

[3] Notably, Plaintiff did not pursue a Default on day number 22 after having served Defendants, thereby allowing for additional time for Defendants to have appeared, filed a response or at the very least, for Defendants to have requested (formally or informally) an extension of time to respond.

4

federal judicial process, it must comply with the Court's rules – and any licensed attorney knows this. Defendants' complete failure to respond to this lawsuit – their answer was due more than 3 months ago – allows them to continue infringing Plaintiff's patent and causes Plaintiff to continue to incur losses and damages. Defendants' argument that they will suffer extreme financial hardship should the clerk's default stand fails to take into account the hardship Plaintiffs face every day that Defendants fail to respond to its lawsuit. Defendants' daily willful and continued infringement as well as its failure to respond to this lawsuit causes Plaintiffs to lose significant income, time, and future revenue.

Defendants' argument that Plaintiff will not suffer prejudice because the case is still in its preliminary stages is an argument of their own making. Had Defendants filed a timely response to Plaintiffs' complaint, this case would have progressed past the "preliminary stage." But for their willful disregard of the Court's rules and procedure, this case would be progressing through discovery by this point. All of these facts demonstrate a willfulness to disregard the Court's rules and procedures and warrant upholding the clerk's entry of default.

Defendants spend the majority of their briefing avoiding addressing their own misconduct and attempting to litigate the merits of Plaintiff's case. They contend they have "raise[d] several meritorious defenses" including non-infringement, invalidity, and inequitable conduct. (Mot. at 4-12.) However, nowhere in the pleadings have Defendants' raised these defenses. In fact, Defendants have not even filed a responsive pleading. *See Rubio Decl. at 11*. Nor have Defendants provided any sworn statements to support their unpled defenses. Neither counsel for Defendants nor Defendants themselves have provided affidavits to support their defensive claims. Any

suggestion that Defendants have presented meritorious defenses is without merit without any pleading on file and without any legally admissible evidence for the court to consider.

## CONCLUSION

For the reasons stated herein, Defendants have not met their burden of demonstrating good cause to set aside the clerk's default judgment and Plaintiff respectfully requests that the Court grant default judgment.

Dated May 18, 2023.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiff
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

By:*/s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served through the CMECF filing system and as further provided for by this Court's Orders on this 18th day of May, 2023.

*/s/ Humberto Rubio*
Humberto Rubio