IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION
Case No.: 22-cv-24013-RNS

CHENMING ZHOU,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

    Defendants.
_____/

**DEFENDANTS EMOJITO, HONGKONG YIDARTON TRADING CO. LT, YIDADRTON, AND KRISIMIL WALRT FASHION GROCERY's REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULT**

Defendants, EMOJITO (Def. No. 2), HONGKONG YIDARTON TRADING CO. LT. (Def. No. 132), YIDARTON (Def. No. 133) and KRISIMIL WALRT FASHION GROCERY (Def. No. 163) (collectively "Defendants"), by and through the undersigned counsel, hereby file their Reply to Plaintiff's Response to Defendants' Motion to Set Aside the Clerk's Default and state as follows:

## BACKGROUND

On December 12, 2022, Plaintiff filed its complaint alleging hundreds of defendants, including EMOJITO (Def. No. 2), HONGKONG YIDARTON TRADING CO. LT (Def. No. 132), YIDARTON (Def. No. 133) and KRISIMIL WALRT FASHION GROCERY (Def. No. 163), were selling products that infringed Plaintiff's design patent USD955664S1 (hereinafter "Plaintiff's Alleged Patent"). [DE 1]. On February 15, 2023, Plaintiff filed its Motion for Clerk's Entry of Default. [DE 60]. On February 23, 2023, Plaintiff filed the affidavits showing proof of

service. [DE 72]. On February 24, 2023, the Clerk entered defaults against the Defendants. [DE 76]. On May 4, 2023, Defendants filed a Motion to Set Aside Default. [DE 104]. Plaintiff filed a response to this Motion on May 18, 2023. [DE 107].

## ARGUMENT

Defendants respectfully request that this Honorable Court grant this Motion to Set Aside the Clerk's Default and permit Defendants to file an Answer to the Complaint.

Pursuant to Federal Rules of Civil Procedure 55 (c), the court may set aside entry of default for "good cause." In determining whether "good cause" has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A.*, 88 F 3d 948, 951 (11th Cir. 1996).

As Plaintiff points out, these are factors courts may consider, but are neither limited to nor are they required. *Id*.

**1.      *Default was not culpable or willful.***

First, Plaintiff pieces together small portions of *Annon Consulting, Inc. v. Bionitrogen Holdings, Corp.*, attempting to convince this Court that the "same situation and analysis apply" to this case. However, Defendants believe this Court should actually be made aware of the facts of that case.

In *Annon Consulting, Inc. v. Bionitrogen Holdings, Corp.*, the plaintiff filed a complaint on January 26, 2015. No. 15-80088-CIV-RYSKAMP/HOPKINS, 2015 U.S. Dist. LEXIS 135080, at *3 (S.D. Fla. Sep. 15, 2015). Both parties agreed settlement negotiations were to end on March

2

10, 2015, and the clerk entered default on March 19, 2015. *Id*. at *5. Thereafter, the defendant did not file a motion to set aside the clerk's default until May 8, 2015. *Id*. at *5.

To begin, the timeline of events and settlement negotiations differ significantly between this case and *Annon Consulting, Inc*. In this case, settlement negotiations began on February 7, 2023, and the Clerk's Default was entered on February 24, 2023. Importantly, unlike *Annon Consulting, Inc*., Plaintiff continued to reach out to Defendants regarding settlement negotiations after the Clerk's Default was entered. In fact, Plaintiff sent a specific settlement offer to Defendants in early-mid March 2023. Although Defendants did not file their Motion to Set Aside Clerk's Default until May 4, 2023, Defendants had a good faith belief settlement negotiations were still ongoing. In *Annon Consulting, Inc*., both parties agreed on when settlement negotiations were to end, and the clerk's default was entered after negotiations closed. However, in this case, negotiations were never closed and still ongoing over a month after the Clerk's Default was entered. As such, Defendants believed in good faith that this case would be settled with Plaintiff before incurring attorneys' fees and court costs. *See Chunara v. SOL Glob. Invs. Corp.*, No. 22-22167-CIV, 2023 U.S. Dist. LEXIS 58226, at *8-9 (S.D. Fla. Apr. 3, 2023) (holding the default was not culpable or willful in part because defendants reasonably believed settlement discussions were still ongoing).

Additionally, Plaintiff conveniently fails to disclose how the court in *Annon Consulting, Inc.* analyzed the meritorious defenses raised, finding they were without merit. *Id*. at *8. The district court also determined the plaintiff would be prejudiced based on other creditors asserting claims against the defendants. *Id*. at *11.

As a result, Plaintiff's reliance on *Annon Consulting, Inc*. is facially wrong because the facts and timelines of negotiation settlements differ completely, and the court in *Annon Consulting,*

*Inc.* relied on an abundance of other factors in the plaintiff's favor to determine that defendant's motion to set aside the clerk's default was denied.

Second, Plaintiff baselessly claims Defendants are very "unlikely" to be foreign based and describes them as "sophisticated manufacturing and sales companies." If Defendants were in fact large, sophisticated, U.S. based companies, Plaintiff would not have requested alternative service and would have served Defendants at their publicly available incorporation addresses. However, in reality, Defendants are foreign-based and are not experienced or knowledgeable in dealing with the U.S. court system and legal procedures. (**See Exhibits A-D**). Defendants did not fully understand the ramifications for their failure to timely respond to the Complaint, and they believed, in good faith, that on-going settlement negotiations were a valid way of addressing this ongoing lawsuit. As such, Plaintiff's baseless claims are unsupported by the circumstances and facts surrounding this case.

In sum, Plaintiff's reliance on *Annon Consulting, Inc.* is misplaced because the timeline and facts of that case are patently different than this case. Moreover, *Annon Consulting, Inc.* relied on numerous other factors in determining that defendant's motion to set aside the clerk's default should be denied. In *Annon Consulting, Inc.*, all of the other factors were in favor of the plaintiff; however, none of the other factors, as discussed below, are in favor of Plaintiff in this case. Finally, Plaintiff baselessly claims false and misleading facts at an attempt to discount the foreign-based Defendants' good faith negotiations with Plaintiff. However, Defendants are in fact foreign based. (**See Exhibits A-D**). As previously addressed in Defendants' Motion to Set Aside Default (DE 104), Defendants did not act in any intentional or reckless disregard for this Court, and Defendants did not culpably or willfully default.

2. *Setting aside default will not prejudice the adversary.*

First, again without any evidence or explanation, Plaintiff claims they will incur "losses and damages." [DE 107]. Plaintiff's only reasoning for prejudice is that Defendants' "daily willful and continued infringement" will cost the Plaintiff "income, time, and future revenue." To begin, Plaintiff does not explain how any of these loses will actually occur. These are baseless claims with no hint of actuality. Moreover, on January 23, 2023, this Court granted a preliminary injunction against Defendants. [DE 43]. As such, Plaintiff is not facing daily willful and continued infringement that costs the Plaintiff any loss in income, time, or future revenue.

Second, Plaintiff claims "Defendants should not be entitled to effectively halt judicial proceedings." [DE 107]. However, as previously noted, "delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55…[The plaintiff would have to show] that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin IT Media, Inc. v. Intelligentz Corp.,* No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *7 (S.D. Fla. Jan. 16, 2008). Plaintiff has failed to address how any delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.

In sum, this Court setting aside the Clerk's Default will not prejudice Plaintiff.

3. *Defaulting party defenses.*

First, Plaintiff's response to Defendants' claim of meritorious defenses is that Defendants' did not raise such defenses in a pleading. However, Plaintiff is facially mistaken about the analysis this Court must undertake pursuant to Federal Rule of Civil Procedure 55(c). "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). In this case, no judgment has been entered by this Court, so the first clause of Rule 55(c) controls. This Court is

to consider "whether the defaulting party presents a meritorious defense." Defendants have indeed presented several, fact supported meritorious defenses. Plaintiff seems to argue that such defenses must be plead in an Answer; however, that is the point of Defendants' Motion to Set Aside Default and asking this Court to allow Defendants to file an Answer.

Second, Plaintiff's response to Defendants' claim of meritorious defenses is that Defendants' did provide a sworn statement. A meritorious defense is shown when the moving party makes an affirmative showing of a defense that is likely to be successful. *In re Worldwide Web Systems, Inc.*, 328 F.3d. 1291, 1296 (11th Cir. 2003). Moreover, "a meritorious defense is properly asserted when the movant presents a factual basis for its claim." *Monticello Ins. Co. v. Dynabilt Mfg. Co.*, No. 6:05-cv-548-Orl-19DAB, 2005 U.S. Dist. LEXIS 28398, at *6 (M.D. Fla. Nov. 10, 2005); *See Turner Broadcasting System, Inc v. Sanyo Electric, Inc.*, 33 B.R. 996, 1002 (N.D.Ga. 1983). In this case, Defendants have clearly provided factual basis for their meritorious defense claims, **evidenced by independent, self-authenticating documentation** from the USPTO. As previously noted, "the Court's review at this juncture is limited to an inquiry of whether Defendant's allegations are entirely devoid of merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *8-9 (S.D. Fla. Jan. 16, 2008). In this case, Defendants raise the meritorious defenses of non-infringement, invalidity, and inequitable conduct, none of which require a sworn statement by Defendants to raise. The evidence provided is self-authenticated.

Moreover, "a court may also properly consider documents attached to the complaint, answer, **or motion** so long as they are (1) central to the plaintiff's claim, and (2) undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134-1135 (11th Cir. 2002). The exhibits attached to Defendants' Motion to Set Aside the Clerk's Default are indeed central to Plaintiff's claims and undisputed

based on the lack of any meritorious response by Plaintiff to such defenses.

In sum, Defendants have properly presented meritorious defenses, none of which Plaintiff even responded to, and Defendants have provided independent, self-authenticating evidence to support the meritorious defenses.

**4.     *Financial loss to defaulting party.***

Plaintiff's only response to this consideration is that "Defendants' argument that they will suffer extreme financial hardship should the clerk's default stand fails to take into account the hardship Plaintiffs face every day." [DE 107]. Defendants are puzzled by this contention because the financial loss of the Defendants need not be concerned with Plaintiff's hardships or prejudice. That is a different consideration, as already addressed above. As previously noted, Defendants will indeed suffer extreme financial hardship should the Clerk's Default stand. In effect, the Clerk's Default grants Plaintiff's prayer for continued injunctive relief, attorney fees, expenses, and costs. As such, Defendants will lose significant money, investments, time, potential inventory and future revenue.

**5.     *Defaulting party acted promptly.***

Plaintiff's only response to this consideration is an assertion that Defendants' Motion to Set Aside the Clerk's Default was "hardly a swift attempt to remedy the default." [DE 107]. Plaintiff, again, does not elaborate on this point. As previously mentioned, Defendants, in good faith, relied on the communication from Plaintiff, believing this dispute would be settled. After Plaintiff suddenly stopped communicating with Defendants, Defendants acted promptly and filed this motion to vacate the Clerk's Default. *See James River Ins. Co. v. SM-Ashley Park, LLC*, No. 3:10-CV-23-J-32TEM, 2010 U.S. Dist. LEXIS 129700, 2010 WL 5092420, at *3 (M.D. Fla. Nov. 16, 2010) (finding no willful or culpable conduct where defendant responded to default judgment

7

six months after clerk entered default).

As a result, Defendants acted promptly to correct the Clerk's Default and as such, the Court should vacate the Clerk's Default.

### 6.  *Public Policy.*

"Additional factors that may be considered are whether the public interest was implicated." *Singh v. Hopkins Meat Packing, Inc.*, No. 6:08-cv-1605-Orl-35KRS, 2008 U.S. Dist. LEXIS 96003, at *4 (M.D. Fla. Nov. 13, 2008). In general, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993). Moreover, the Eleventh Circuit has recognized that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Id.* (citation omitted). Also, "when it is uncertain whether good cause exists, courts generally have found it appropriate for trial judges to exercise their discretion in favor of setting aside defaults so that cases may be decided on their merits." *Theiss v. Giove Law Office*, P.C., No. 8:08-cv-356-T-17MSS, 2008 U.S. Dist. LEXIS 44422, 2008 WL 2323911, *3 (M.D. Fla. June 5, 2008).

### CONCLUSION

In sum, Defendants have established good cause for this Court to set aside the Clerk's Default because Defendants did not culpably or willfully default, setting aside the Clerk's Default will not prejudice Plaintiff, Defendants raise meritorious defenses, Defendants would suffer extreme financial hardship should the Clerk's Default stand, Defendants acted promptly to correct the Clerk's Default, and public policy strongly favors the adjudication of this case.

Indeed, there is no "precise formula for assessing 'good cause'." *Compania Interamericana*

*Exp.-Imp., S.A.* 88 F.3d at 951. Here, Defendants, foreign-based entities, were delayed to responding to this lawsuit based on good-faith negotiations with Plaintiff. However, Defendants are here now and ready to adjudicate these claims. As seen throughout, Defendants have several meritorious defenses that are reasonably certain to prevail. Moreover, Plaintiff is asserting intellectual property rights on a statutorily invalid patent. Public policy favors this adjudication, and Defendants respectfully request that this Honorable Court grant this Motion to Set Aside the Clerk's Default and permit Defendants to file an Answer to the Complaint.

DATED May 23, 2023

Respectfully submitted,

s/ Benjamin W. Dowers

Benjamin W. Dowers
Fla. Bar No.: 91401
bwd@guntherlegal.com
Gunther Legal, PLLC
1800 SE 10th Ave, Suite 200
Fort Lauderdale, FL 33316
954-556-1487

Attorneys for Defendants
EMOJITO, HONGKONG
YIDARTON TRADING CO. LT,
KRISIMIL WALRT FASHION
GROCERY, AND YIDARTON

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in via email.

DATED May 19, 2023

Respectfully submitted,

s/ Benjamin W. Dowers

Benjamin W. Dowers
Fla. Bar No.: 91401
bwd@guntherlegal.com
Gunther Legal, PLLC
1800 SE 10th Ave, Suite 200
Fort Lauderdale, FL 33316
954-556-1487

Attorneys for Defendants
EMOJITO, HONGKONG YIDARTON TRADING CO. LT, KRISIMIL WALRT FASHION GROCERY, AND YIDARTON