UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-cv-24013-RNS

CHENMING ZHOU,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.

_____/

**PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST CERTAIN
DEFENDANTS AND MEMORAUNDUM OF LAW IN SUPPORT**

Plaintiff, Chenming Zhou (hereinafter referred to as "Plaintiff"), by and through undersigned counsel and pursuant to Rule 55(b) and 58(d) of the Federal Rules of Civil Procedure, respectfully moves the Court for an entry of default judgment in favor of Plaintiff and against the Defendants identified on Schedule "A" herewith attached ("Defaulting Defendants" / "Defendants")[1]. There are no allegations of joint liability or possibility of inconsistent liability between the Defaulting Defendants, Plaintiff now moves for entry of a default final judgment. In support thereof, Plaintiff submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

I.   **INTRODUCTION AND PROCEDURAL BACKGROUND**

On December 12, 2022, Plaintiff Chenming Zhou ("Plaintiff") filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising,

---

[1] Excludes Defendants dismissed to date; this motion does not apply to them.

1

promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered patent or a substantially similar reflection thereof, in violation of federal patent law. (ECF No. 1, 10).

The Defaulting Defendants were served with the summons, complaint, preliminary injunction and other documents filed in this case pursuant to the Court's Order Authorizing Alternate Service of Process (ECF No. 17). The time for Defaulting Defendants to respond to the Complaint/Amended Complaint (hereinafter "Complaint" / "Amended Complaint") has expired. (Declaration of Humberto Rubio in Support of Plaintiff's Motion for Default Judgment, June 7, 2023 ("Rubio Default Decl.") at ¶ 5 enclosed herein as Exhibit 1. Defaulting Defendants have not been granted any extensions of time to respond, nor have they served or filed an Answer or other response as required by law and a default has been entered against Defaulting Defendants. (ECF No. 76 and 116 )(*Id*. at ¶ 7). To Plaintiff's knowledge, none of the Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply. (*Id*. at ¶ 8).

On December 22, 2022, this Court entered a preliminary injunction in this case (ECF No. 16). Despite having been served, no parties appeared to object, challenge or dispute Plaintiff's Motion for Preliminary Injunction. Thereafter and having waited in excess of the minimum 21 days, Plaintiff filed its Motion for Entry of Clerk's Default and on March 24, 2023 and June 7, 2023, the Clerk of Court entered default as to the Defaulting Defendants. (ECF No. 76 and 116).

Plaintiff now moves the Court to grant Default Final Judgment against Defaulting Defendants and submits this Motion for Entry of Default Final Judgment. The requirements for entry of a default judgment have been met. Judgment on Plaintiff's claim of patent infringement should be entered against the Defaulting Defendants and damages awarded as explained below,

including pursuant to 35 U.S.C. § 289. In addition, pursuant to 35 U.S.C. § 283 a permanent injunction should be entered to permanently enjoin Defaulting Defendants from further infringement.

## II. STATEMENT OF FACTS

### A. Plaintiff's Patent Rights

Plaintiff owns one (1) United States Design Patent, No. US D 955,664S, for an ornamental design of a pet center control seat (hereinafter "Plaintiff's Patent" or "664 Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. *See* Pl.'s Am. Compl. at Ex. No. 1-1 (ECF No. 10-1). Plaintiff demonstrated he is the owner of the 664 Patent by submitting copies of the U.S. patent registration: 1) United States Design Patent, No. US D 955,664S. *See* Pl.'s Am. Compl. at Ex. 1-1 (ECF No. 10-1); *see also* Chenming Zhou, December 12, 2022 at ¶¶ 4,5 ("Zhou Decl.") (ECF No. 11)

Plaintiff is the owner of all rights, title and interest to the 664 Patent, which Plaintiff advertises, offers for sale and sells the 664 Patent in authorized e-commerce stores such as Amazon, among others. *Id*. at ¶ 6 (ECF No. 11). Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the 664 Patent. *Id*. at ¶ 7 (ECF No. 11). The 664 Patent has independent economic value and has generated revenue in relation to the retail items offered for sale in the authorized e-commerce stores. *Id*. at ¶ 6 (ECF No. 11). Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the 664 Patent. *Id*. at ¶ 8 (ECF No. 11).

Furthermore, Plaintiff has expended a significant amount of resources in connection with

intellectual property enforcement efforts, including legal fees and investigative fees to protect its patent against counterfeit actions. *See* Pl.'s Am. Compl. (ECF No. 11).

### B. Defendants' Infringement

Without Plaintiff's permission or license, Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's 664 Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* Pl.'s Am. Compl. at Ex. No. 2 "Schedule A" (ECF No. 10-2); *see also* Zhou Decl. at ¶ ¶ 10 (ECF 11).

As part of its ongoing investigation regarding the sale of infringing products utilizing Plaintiff's 664 Patent, Defendants' Internet based e-commerce stores were accessed under their respective Seller IDs through the Amazon, eBay, AliExpress and Walmart platforms, as identified on Schedule A. *see* Zhou Decl. at ¶¶ 10-11 (ECF No. 11). Web page captures and screenshots were taken of the Defendants' infringing products, as they appeared on Defendants' online e-commerce stores, and determined that products are being offered for sale using unauthorized and infringing copies of the 664 Patent and orders were initiated via each Defendants' Seller IDs. *see* Zhou Decl. at ¶¶ 12-14 (ECF No. 11); *see also* Declaration of Humberto Rubio, December 7, 2022 at ¶ 5 ("Rubio TRO Decl.") (ECF No. 12), attached hereto and ECF No. 10. In support of this Motion for TRO, Plaintiff has obtained and provided the court with evidence, clearly demonstrating that Defendants are engaged in the advertising, offering for sale, and/or sale of infringing versions of Plaintiff's 664 Patent and that Defendants accomplish their sales of infringing goods via the Internet through their e-commerce stores. *see* Zhou Decl. at ¶¶ 16-19 (ECF No. 11); see also Rubio TRO Decl. at ¶¶ 5 (ECF No. 12) and Schedule B (ECF No. 12 1-9).

A simple comparison of Defendants' infringing goods with Plaintiff's 664 Patent and any layman can observe Defendants' blatant infringement of Plaintiff's exclusive patent as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's 664 Patent. *See* Plaintiff's 664 Patent (Pl.'s Am. Compl. at Ex. 1 (ECF No. 10-1) against screenshots of Defendants' products on their e-commerce stores. S*ee* Schedule B (ECF No. 12 1-9), Rubio TRO Decl. at ¶ 5 (ECF No. 12) and Zhou Decl. at ¶¶ 12-14 (ECF No. 11).

Defendants obtain their sales proceeds, from the e-commerce platforms, by using money transfer, and/or retention processing services with PayPal, Inc., and/or having their sales processed using an aggregate escrow account in order to receive monies from the sale of infringing goods. *see* Rubio TRO Decl. at ¶¶ 7-9 (ECF No. 12). The escrow accounts on these e-commerce platforms are held in various financial institutions, including AliExpress, Amazon, Amazon Pay, Alipay, Dhgate, Dhpay, Joom, Wish, Paypal, Wishplay, Ebay and Taobao among others. *Id.*

Consequently, Plaintiff is enduring continuous damages to its Patent at the hands of the Defendants herein, who unlawfully reproduce goods using Plaintiff's 664 Patent to sell for substantial profits. In addition, the goodwill associated with Plaintiff's 664 Patent is being harmed and if Defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed. *See* Zhou Decl. at ¶¶ 16-20 (ECF No. 11); *see also* Pl.'s Am. Compl. at ¶ 27 (ECF No. 10).

### III.   ARGUMENT

#### A.   **Default Judgment Should be Entered Against Defaulting Defendants**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338. Personal jurisdiction over Defaulting Defendants and venue in this district are proper under 28 U.S.C. § 1391 as Defaulting Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district and cause harm to Plaintiff's business within this jurisdiction through the Internet based e-commerce stores and websites operating under the Seller IDs. *See also* Pl.'s Am. Compl. (ECF No. 10)

1. **Default Judgment is Proper**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a defendant who has failed to respond to a complaint. A "defendant, by his default, admits the Plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established". *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, 17-CV-61471-BB, 2017 WL 6949260 (S.D. Fla. Oct. 3, 2017); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . ."). Thus, the entirety of the facts set forth in the Complaint (ECF No. 1 and 11) are admitted by Defaulting Defendants.

   (i)   **Plaintiff has established Defaulting Defendant's liability**

"Each issued patent carries with it a presumption of validity under 35 U.S.C. § 282." *Id.* at 1205. Presumption of validity carried by each issued patent is sufficient to establish a likelihood

of success on the validity issue. *Id.* (quoting *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F. 3d 1372, 1377 (Fed. Cir. 2009).

Section 271(a) of the Patent Act, 35 U.S.C. § 271(a), provide liability for patent infringement "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To prevail on its patent infringement claim, Plaintiff must demonstrate that the accused product infringes a patented design.

Design patent infringement requires a showing that the accused design is substantially the same as the claimed design. The criterion is deception of the ordinary observer, such that one design would be confused with the other. *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F. 3d 665, 679 (Fed. Cir. 2008). Under this test, the central inquiry is whether an "ordinary observer," who is familiar with the prior art, would find the overall appearance of the accused product to be "substantially the same" as the overall appearance of the patented design. *Id.* at 677; *see also Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F .3d 1365, 1372 (Fed. Cir. 2006). An infringing product need not be an exact copy of the patented design, and Defendants cannot escape infringement by introducing minor variations into an otherwise copycat product. *Egyptian Goddess*, 543 F. 3d at 670.

Design patents are typically claimed as shown in drawings, and claim construction must be adapted to a pictorial setting. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); *see also Contessa Food Prods., Inc. v. Conagra, Inc.,* 282 F. 3d 1370, 1377 (Fed. Cir. 2002). In this case, no detailed verbal description of the figures in the 138 Patent is necessary because each "illustration in the drawing views is its own best description." *Crocs, Inc.* at 1303.

Accordingly, the claim of Plaintiff's 664 Patent should be construed only as an ornamental design for a pet center control seat as shown in Plaintiff's Patent *See* Pl.'s Am. Compl. at Ex. 1 (ECF No. 10-1).

In this matter, Plaintiff asserts a simple comparison of Defendants' infringing goods, which are being offered for sale and/or sold in the United States, with Plaintiff's 664 Patent and any "ordinary observer" can perceive Defendants' blatant infringement of Plaintiff's exclusive patent as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's 664 Patent. *See* Plaintiff's 664 Patent (Pl.'s Am. Compl. at Ex. 1 (ECF No. 10-1) against screenshots of Defendants' products on their e-commerce stores. S*ee* Schedule B (ECF No. 12 1-9), Rubio TRO Decl. at ¶ 5 (ECF No. 12) and Zhou Decl. at ¶¶ 12-14 (ECF No. 11). In accordance with the Patent Act, the screenshot images demonstrate Defendants' ongoing unauthorized promotion, offer for sale and/or sale of goods bearing Plaintiff's 664 Patent in direct violation of Plaintiff's federal rights to exclude others from making, using, offering for sale, or selling the 664 Patent. 35 U.S.C. §§ 217 & 261; *see also Tiffany (NJ), LLC v. Dongping*, No. 10-cv-61214, 2010 WL 4450451, (S.D. Fla. Oct. 29, 2010) (finding unopposed declarations supporting intellectual property ownership and exact duplicates of asserted designs were sufficient to establish liability for infringement).

The well-pled factual allegations of Plaintiff's Complaint, properly allege the elements for patent infringement. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted, conclusively establish Defendants' liability for patent infringement asserted in the Complaint. Accordingly, Default Final Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against the Defaulting Defendants.

Plaintiff maintains that there is no possibility of inconsistent liability.  Plaintiff has not set

forth any allegations of joint and several liability with respect to damages. The Defaulting Defendants have not appeared and defaulted.

Entry of default judgment is proper under these circumstances and is often entered in multiparty intellectual property enforcement suits similar to the instant case based upon identical reasoning. *See Frugality Inc. v. The Individuals*, 21-cv-23025-BB (S.D. Fla. Mar. 8, 2022).

**B.      Plaintiff's requested relief should be granted**

**1.      Entry of a permanent injunction is appropriate**

Permanent injunctive relief is appropriate where a Plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an equitable remedy; and 4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-3 (2006). The court previously found these factors in favor of Plaintiff when it entered the preliminary injunction in this matter. (ECF No. 43). No change has occurred since then, and Plaintiff has carried its burden on each of the four factors warranting permanent injunctive relief. A permanent injunction will protect Plaintiff's intellectual property interests, as well as prevent consumer confusion and deception in the marketplace.

As demonstrated herein and based upon the issuance of the temporary restraining order and preliminary injunction entered in this matter, Plaintiff carried its burden on each of the four factors and warrants permanent injunctive relief. Plaintiff is suffering, and will continue to suffer, irreparable injury if Defendants' infringing activities are not permanently enjoined. (*See* Declaration of Plaintiff, May 30, 2023, at ¶¶ 6-14, ("Plaintiff Default Decl.") attached hereto as Exhibit 2. Plaintiff has lost an immeasurable amount of goodwill, time, resources and money, as a result of the Defendants' infringing activities. *Id.* at ¶14. Defendants have unlawfully used the

Plaintiff's patent goodwill to make a profit and will likely continue their behavior unless the Court orders permanent injunctive relief. Such relief is not only to protect Plaintiff's reputation, but also to protect consumers from being deceived as to the quality and source of products advertised, marketed, and sold using Plaintiff's IP Rights.

Defendants have defaulted upon Plaintiff's factual allegations. Even in a default judgment setting, injunctive relief is available. *See* e.g., *PetMed Express, Inc.*, 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004), *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620, 2015 WL 11198010, at 2 (S.D. Fla. Apr. 8, 2015). Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Additionally, Plaintiff has no adequate remedy at law so long as Defendants continue to use Plaintiff's patent in connection with the operation of the Defendant's e-commerce stores because Plaintiff will have no control of the use of its intellectual property in the marketplace. An award of money damages alone will not cure the injury to Plaintiff's rights, reputation and goodwill if Defendants' infringing actions continue. Moreover, it can hardly be said that Defendants face hardship in refraining from their willful infringement of the patent, whereas Plaintiff faces hardship from loss of sales and its inability to control the use of the Plaintiff's patent rights. In reality, Defendants have no cognizable hardship, as they will be prohibited from infringement, which is an illegal act to begin with.

Finally, the public has an interest in the issuance of a permanent injunction against Defendants in order to prevent consumers from being misled by Defendants' products. *See*

*Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior").

The Court has broad powers to compel measures necessary to enforce an injunction against infringement. *Animaccord Ltd. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule A*, 21-CV-21088-BB, 2021 WL 3110021 (S.D. Fla. July 22, 2021). *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . (t)he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). As part of the injunctive relief granted, this Court should order all listings associated to Plaintiff's patent permanently removed from Defaulting Defendants' internet stores by the applicable internet marketplace platforms. Unless these are permanently removed, Defaulting Defendants may continue infringing Plaintiff's intellectual property with impunity and market to the public with their illegal activities.

    **2.   Damages on Patent Infringement**

        **(i)   Plaintiff is entitled to monetary damages**

Under the Patent Act, defendants found liable for design patent infringement "shall be liable to the patent owner to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. Thus, Plaintiffs are entitled to recover the total profit resulting from sales of Defaulting Defendants' accused counterfeit products, but no less than $250. The Court has wide discretion to set an amount of statutory damages. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing

11

*Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F. 2d 829, 852 (11th Cir. 1990)).

Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429 (2016).

The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. <u>Nordock, Inc. v. Sys., Inc.,</u> No. 11-CV-118, 2017 WL 5633114, at 3 (E.D. Wis. Nov. 21, 2017). The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id*. The Supreme Court has stated that:

> The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trademark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

*WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07, 62 S. Ct. 1022, 86 L. Ed. 1381, 1942 Dec. Comm'r Pat. 767 (1942). While referenced case is a trademark case and "Although § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in other contexts." *Nordock,*

*Inc. v. Sys., Inc.*, No. 11-CV-118, 2017 WL 5633114, at 3 (E.D. Wis. Nov. 21, 2017). See also *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279 (S.D. Fla. 2010). "[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See WMS Gaming, Inc. v. WPC Prods.Ltd.*, 542 F.3d 601 (7th Cir. Ill. 2008) ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks.").

In this particular case, Plaintiff claims an ornamental design for pet center control seat. *See* ECF No. 10-1.  In the case of a design for a single-component product, such as the 664 Patent, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the infringing products sold by Defaulting Defendants all of which have offered for sale or have sold Plaintiff's Patent which are a copy or substantial copy of the 664 Patent as established by Plaintiff. *See* ECF No. 10-1, against screenshots of Defendants' products on their e-commerce stores Schedule B (ECF No. 12 1-9), Rubio TRO Decl. at ¶ 5 (ECF No. 12) and Zhou Decl. at ¶¶ 12-14 (ECF No. 11).

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to appear in this matter and have not produced any documents or information: (1) characterizing each of the transactions in their

financial accounts, (2) other accepted payment methods, (3) other Internet stores that they may be operating, (4) other retail outlets they may be operating, (5) the amount of time sales have been going on for; or (6) any deductions to any of the revenues from sales. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods.Ltd.*, 542 F.3d 601 (7th Cir. Ill. 2008); Nordock, Inc. v. Sys., Inc., No. 11-CV-118, 2017 WL 5633114, at 3 (E.D. Wis. Nov. 21, 2017)

Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions. The Court should award the greater of the amount restrained or $250.00 for each Defaulting Defendant. *Id.*; 35 U.S.C. § 289. See Rubio Default Decl. The limited information provided by third party platforms for Defaulting Defendants indicates that the amount currently restrained in Defaulting Defendants' known financial accounts is the amounts appearing on Rubio Default Decl. at ¶ 11. A breakdown by Defaulting Defendant of the amount currently restrained and Plaintiff's requested profit award is provided in the chart in Paragraph 11 of the Rubio Default Decl. at ¶ 11. Of importance is the fact that, if these Defaulting Defendants were held accountable for only the units verified as sold, it fails to compensate Plaintiff for the lost customer base in perpetuity. For example, those customers who bought from the Defaulting Defendant, may never come back to purchase from Plaintiff. Any award from actual damages rewards the Defaulting Defendants who did not respond to the instant suit and did not provide any reciprocal discovery reflecting actual sales. The Defaulting Defendants should not get a windfall by failing to appear in this case and provide data which could assist in calculating damages. Therefore, an award that does not provide in excess of any potential actual damages fails to deter infringing conduct in the future. Therefore, this Court should award in excess of actual damages.

Since Defendant's have failed to appear in the current action and their conduct has been deemed willful, Plaintiff believes that it should be entitled to all of the funds as currently restrained by the financial institutions as a measure of Profits an in accordance the arguments raised herein. In the alternative, Plaintiff should be entitled to at least $250 per Defaulting Defendant.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter Default Final Judgment against Defaulting Defendants, permanently enjoin Defaulting Defendants from further infringing activities; and award Plaintiff damages for each Defaulting Defendant in the amount of the greater of the fully restrained funds or $250 per Defaulting Defendant and any other relief the Court deems just and proper. Pursuant to Local Rule 7.1(a)(2), proposed orders for entry of default and final judgment are filed herewith.

Respectfully submitted on this June 7th, 2023.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiffs
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

By:*/s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served through the CMECF filing system and as further provided for by this Court's Orders on this 7th day of June, 2023.

*/s/ Humberto Rubio*
Humberto Rubio