UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-24013-SCOLA/GOODMAN

CHENMING ZHOU,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

    Defendants.

_____/

## ORDER REQUIRING SUPPLEMENTAL FILING

In this patent infringement action, Chenming Zhou ("Plaintiff") filed a renewed motion for default judgment against some (but not all) Defendants (collectively, "Defaulted Defendants"). [ECF No. 131]. United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 133].

The Undersigned denied Plaintiff's *initial* motion for default judgment without prejudice and with leave to renew due to issues with Plaintiff's service of the Amended Complaint. [ECF No. 123]. Thereafter, Plaintiff filed a Corrected Proof of Service [ECF No. 127] and a Corrected Motion for Clerk's Entry of Default [ECF No. 128]. In the

Corrected Proof of Service [ECF No. 127], Plaintiff explains that Defendants were served with a copy of the Amended Complaint via e-mail service and via website posting:

> however, **at the time of filing the prior proofs of service, Plaintiff inadvertently stated it had served the Complaint, when in fact, it served the Amended Complaint**. As such, this filing is being made to correct the inadvertent mischaracterization of the document that was served. This correction is also being made pursuant to ECF No. 123.

[ECF No. 127, p. 1 n.1 (emphasis added)].

After obtaining a Clerk's Default [ECF No. 129], Plaintiff filed the instant, *renewed* motion seeking a default final judgment against the Defaulted Defendants. [ECF No. 131].

Plaintiff's filing and explanation have assuaged the Undersigned's concerns about service of process in the instant action.[1] Nonetheless and as explained below, the Undersigned is concerned about whether there exists the possibility of inconsistent

---

[1] Because Plaintiff complied with Judge Scola's Order [ECF No. 17] authorizing alternative service of process over Defendants, Plaintiff has effectuated service of process on the Defaulted Defendants in the instant case. *See Leading Edge Mktg. Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-23480-CIV, 2022 WL 16756952, at *2 (S.D. Fla. Nov. 7, 2022), *report and recommendation adopted*, No. 21-23480-CIV, 2022 WL 17144227 (S.D. Fla. Nov. 22, 2022) (finding defendants have been "properly served . . . with the [c]omplaint and summonses via email and Internet publication, consistent with the Court's Order Authorizing Alternate Service"); *Ain Jeem, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 8:21-CV-1261-VMC-JSS, 2022 WL 2306858, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted sub nom. Ain Jeem, Inc. v. Individuals*, No. 8:21-CV-1261-VMC-JSS, 2022 WL 2306874 (M.D. Fla. Feb. 15, 2022) (finding that "[the] [p]laintiff [had] properly effected service on [the] [d]efendants pursuant to Federal Rule of Civil Procedure 4(f)(3)" by complying with the court's order authorizing alternate service of process).

judgments in this case if the Court were to enter a default judgment against the Defaulted Defendants (and there remain non-defaulted Defendants). Therefore, the Undersigned will require Plaintiff to file a notice or memorandum of law by no later than **Wednesday, October 4, 2023**.

I. **Background**

Plaintiff filed a one-count Amended Complaint for patent infringement pursuant to 35 U.S.C. § 271. [ECF No. 10]. The Amended Complaint alleges that Plaintiff is the owner of "one (1) United States Design Patent, No. US D 955,664S, for an ornamental design of a pet center control seat (hereinafter 'Plaintiff's Patent' or '664 Patent'). Plaintiff's Patent has been registered with the United States Patent and Trademark Office . . . and is protected from infringement under federal patent law." *Id.* at ¶ 2.

It also alleges that Defendants,

> [w]ithout Plaintiff's authorization or license . . . are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").

*Id*. at ¶ 3. It further asserts that this "infringement is both deliberate and willful." *Id.*

Due to Defendants' unlawful conduct, Plaintiff asserts that he "is enduring continuous damages to his design patent at the hands of [ ] Defendants herein, who unlawfully reproduce goods utilizing Plaintiff's Patent to sell for substantial profits" and

that "the goodwill associated with Plaintiff's Patent is being harmed by Defendants tricking and confusing the public." *Id.* at ¶ 4.

Schedule A to Plaintiff's Amended Complaint lists 337 Defendants. [ECF No. 10-2]. Most Defendants have not responded to the Amended Complaint or have otherwise been dismissed from this action. *See* Notices/Stipulations of Dismissal or Notices of Settlement [ECF Nos. 30; 52; 57; 67; 79; 80; 81; 87; 89; 92; 93; 94; 96–98; 101–03; 105; 106; 109–12; 121; 125; 126; 130; 132].

The docket reflects three answers were filed: **ECF No. 82** on behalf of Defendants Micnaron LLC (No. 268), Carperipher (No. 283), SSAWcasa (No. 271), Outamateur (No. 278), and yadi-001 (No. 259); **ECF No. 83** on behalf of Defendants Rocita Home (No. 298), LiuFJJMY (No. 290), thomilliom (No. 39), yunshanyun (No. 280), KKRDH (No. 299), FFSURE (No. 19), JINLITECH (No. 297), BEBOORE (No. 281), Gowgelit (No. 291), Kondyfayo design (No. 300), comm1a (No. 181); and **ECF No. 85** on behalf of **AiDeMan (No. 107)** and **LLX Co. Ltd. (No. 117)**.

The Undersigned located a notice of voluntary dismissal [ECF No. 96] dismissing those Defendants who filed an answer at ECF No. 82 and a joint stipulation of dismissal [ECF No. 97] dismissing those Defendants who filed an answer at ECF No. 83. However, the Undersigned has not been able to find a dismissal (by stipulation, order, or notice) for those Defendants (**AiDeMan (No. 107)** and **LLX Co. Ltd. (No. 117)**) who filed an answer

4

at ECF No. 85. Therefore, as far as the Undersigned has been able to determine, Defendants AiDeMan (No. 107) and LLX Co. Ltd. (No. 117) are non-defaulted Defendants who remain in the case.

Of course, there are presently 133 docket entries in this case and it is possible that the Undersigned has overlooked such a filing, particularly where the text descriptions for many of the entries are generic and do not specify those Defendants who are being dismissed within the docket text. Therefore, the Undersigned will provide Plaintiff with an opportunity to file a notice identifying, by CM/ECF docket entry number(s), the filing(s) dismissing Defendants AiDeMan (No. 107) and LLX Co. Ltd. (No. 117). Plaintiff's notice will also state if, in addition to Defendants AiDeMan (No. 107) and LLX Co. Ltd. (No. 117), there are other non-defaulted Defendants remaining in this case.

If Defendants AiDeMan (No. 107) and LLX Co. Ltd. (No. 117) have **not** been dismissed from this action (or if there are any non-defaulted Defendants **remaining** in this case), then Plaintiff will file a memorandum of law (supported by pertinent legal authority) explaining why there is *no* possibility of an inconsistent judgment when there exists both defaulted and non-defaulted Defendants.

II.   **Discussion**

Courts have been reluctant to enter default judgments in cases where there are both defaulted and non-defaulted defendants. *See, e.g., Houston Cas. Co. v. Endurance*

*Assurance Corp.*, No. 6:22-CV-1429-RBD-LHP, 2023 WL 2633312, at *2 (M.D. Fla. Mar. 24, 2023) (denying motion for default judgment without prejudice because there was a non-defaulted defendant); *Progressive Mountain Ins. Co. v. Mobile Maint. on the Go, LLLP*, No. 1:20-CV-01665-JPB, 2022 WL 1714859, at *1 (N.D. Ga. Feb. 10, 2022) (declining to enter a default judgment while the declaratory action was pending against other, non-defaulted defendants).

In cases where there are both defaulted and non-defaulted defendants, a court should defer entering a judgment of liability against the defaulted defendant(s) where both the defaulted and non-defaulted defendants are jointly liable. This practice is designed to avoid inconsistent judgments. *See Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).

"Several Circuits, including the Eleventh [Circuit], have found *Frow* applies to situations where defendants are jointly and severally liable, **or have closely related defenses**." *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012) (emphasis added). Even where there is no joint liability, the Eleventh Circuit has stated that it is "sound policy" that "**when defendants are similarly situated**, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (emphasis

added) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06).

Plaintiff asserts -- in a succinct and conclusory manner -- that:

**[T]here is no possibility of inconsistent liability**. **Plaintiff has not set forth any allegations of joint and several liability with respect to damages**. The Defaulting Defendants have not appeared and defaulted.

Entry of default judgment is proper under these circumstances and is often entered in multiparty intellectual property enforcement suits **similar to the instant case** based upon identical reasoning. *See Frugality Inc. v. The Individuals*, 21-cv-23025-BB (S.D. Fla. Mar. 8, 2022).

[ECF No. 131, p. 9 (emphasis added)]; *see also id.* at 1 ("There are no allegations of joint liability or possibility of inconsistent liability between the Defaulting Defendants, Plaintiff now moves for entry of a default final judgment.").

In the lone case cited by Plaintiff, *Frugality Inc., v. The Individual P'ships and Unincorporated Ass'ns Identified on Schedule A*, United States District Judge Beth Bloom noted that:

If there are multiple defendants, the plaintiff must state in the [m]otion for [d]efault [f]inal [j]udgment that there are no allegations of joint and several liability, **and set forth the basis why there is no possibility of inconsistent liability**. Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. *See* 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). **"Even when defendants are similarly**

> **situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."** *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

[ECF No. 213 in Case No. 21-cv-23025-BB, p. 4 (emphasis added)].

Judge Bloom additionally noted that:

> [the] [p]laintiff ha[d] stated in its [m]otion that there are no allegations of joint and several liability with respect to damages. **The [d]efaulting [d]efendants remaining in the case have not appeared and have defaulted**. Therefore, there is no possibility of inconsistent liability between the [d]efaulting [d]efendants, and an adjudication may be entered. The Court thus finds there is a sufficient basis in the pleading for the default judgment to be entered with respect to the [d]efaulting [d]efendants.

*Id.* (emphasis added).

In *Max'is Creations, Inc. v. The Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, this Court found "no possibility of inconsistent liability between the [d]efendants" where "[the] [p]laintiff ha[d] stated in its [m]otion that there [were] no allegations of joint and several liability with respect to damages" and "**[t]he [d]efendants remaining in the case ha[d] not appeared and ha[d] defaulted**." No. 21-CV-22920, 2022 WL 104216, at *2 (S.D. Fla. Jan. 11, 2022) (emphasis added). Similarly in *Safety Nailer LLC v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, this Court found "a sufficient basis in the pleading for the default judgment to be entered in favor of [the] [p]laintiff with respect to the defaulting [d]efendants" where "[the] [p]laintiff ha[d] stated in its [m]otion that there [were] no allegations of joint and several liability with respect

8

to damages" and "**[the] [d]efendants remaining in the case ha[d] not appeared and ha[d] defaulted**." No. 21-CV-22703, 2021 WL 6197744, at *2 (S.D. Fla. Dec. 30, 2021) (emphasis added).

Here, as discussed above, there are seemingly at least two, non-defaulted Defendants remaining in the case: AiDeMan (No. 107) and LLX Co. Ltd. (No. 117). If the Undersigned is mistaken and both AiDeMan (No. 107) and LLX Co. Ltd. (No. 117) have been dismissed from this action **and** there are no remaining, non-defaulted Defendants, then Plaintiff will advise the Court in a written notice by **Wednesday, October 4, 2023**.

The Amended Complaint [ECF No. 10] does not appear to allege joint and several liability. Nonetheless, "[e]ven when defendants are **similarly situated, but not jointly liable**, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc.*, 740 F.2d at 1512 (emphasis added). The unlawful conduct alleged against all Defendants in the instant case is the infringement of the same patent. Therefore, the Undersigned is concerned that if there remain any non-defaulted Defendants who are actively litigating this action, then there may be a possibility of inconsistent liability. If that is the case, then Plaintiff should address this concern more thoroughly by filing a memorandum of law setting forth the basis why there is no possibility of inconsistent liability.

### III. Conclusion

By no later than **Wednesday, October 4, 2023**, Plaintiff will file on CM/ECF: (1) a notice advising the Court that Defendants AiDeMan (No. 107) and LLX Co. Ltd. (No. 117) have been dismissed from this case (citing to the CM/ECF docket entry number(s)) **and** (if true) representing that there are no non-defaulted Defendants remaining in this action **or** (2) a memorandum of law (citing pertinent legal authority) addressing why the Court should enter a default final judgment at this juncture when there are non-defaulted Defendants remaining in this action.

Plaintiff will provide a copy of this Order (and Plaintiff's subsequent filing in response to this Order) via email to counsel for Defendants AiDeMan (No. 107) and LLX Co. Ltd. (No. 117) and in the same manner in which the Court authorized alternative service of process [ECF No. 17] to Defaulted Defendants. Plaintiff will file a notice of compliance on CM/ECF by no later than **Wednesday, October 4, 2023**.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 21, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record