**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 22-CV-24013-SCOLA/GOODMAN**

CHENMING ZHOU,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON *RENEWED* MOTION**
**FOR DEFAULT JUDGMENT AGAINST *CERTAIN* DEFAULTED DEFENDANTS**

In this patent infringement action, Chenming Zhou ("Plaintiff") filed a *renewed*[1]

motion for default judgment against some (but not all) Defendants (collectively, the

---

[1]      The Undersigned denied without prejudice and with leave to renew Plaintiff's initial motion for default judgment due to issues with Plaintiff's service of the Amended Complaint. [ECF No. 123]. Thereafter, Plaintiff filed a Corrected Proof of Service [ECF No. 127] and a Corrected Motion for Clerk's Entry of Default [ECF No. 128]. After obtaining a Clerk's Default [ECF No. 129], Plaintiff filed the instant, *renewed* motion seeking a default final judgment against some (but not all) Defendants. [ECF No. 131].

"Defaulted Defendants").[2] [ECF No. 131]. The Defaulted Defendants have not filed a response to Plaintiff's renewed motion and the response deadline has now expired.

United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 133]. As explained below, the Undersigned **respectfully recommends** that Plaintiff's Renewed Motion [ECF No. 131] be **granted**.

## I.    Background

Plaintiff filed a one-count Amended Complaint for patent infringement in violation of 35 U.S.C. § 271. [ECF No. 10]. The Amended Complaint alleges that Plaintiff is the owner of "one (1) United States Design Patent, No. US D 955,664S, for an ornamental design of a pet center control seat (hereinafter 'Plaintiff's Patent' or '664 Patent'). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ('USPTO') and is protected from infringement under federal patent law." *Id.* at ¶ 2.

The Amended Complaint alleges that Defendants,

[w]ithout Plaintiff's authorization or license[,] . . . are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within

_____

[2]    Plaintiff seeks a default judgment against the Defaulted Defendants listed in Schedule A [ECF No. 131-3] of his motion.

this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").

*Id*. at ¶ 3. It further asserts that this "infringement is both deliberate and willful." *Id*.

Plaintiff alleges that due to Defendants' unlawful conduct, he "is enduring continuous damages to his design patent at the hands of [ ] Defendants herein, who unlawfully reproduce goods utilizing Plaintiff's Patent to sell for substantial profits" and that "the goodwill associated with Plaintiff's Patent is being harmed by Defendants tricking and confusing the public." *Id.* at ¶ 4.

Plaintiff obtained a Clerk's Default [ECF No. 29] and now seeks the entry of a default judgment against the Defaulted Defendants. [ECF Nos. 131; 131-3].

## II.    Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the

causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support a plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood*

---

[3]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

*Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.    Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a.    Subject-Matter Jurisdiction

The Amended Complaint [ECF No. 10] alleges a single cause of action under the Patent Act, 35 U.S.C. § 101, *et seq.* Title 28, United States Code, Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Moreover, section 1338(a) provides district courts with jurisdiction over civil actions arising under federal statutes relating to patents. 28 U.S.C. § 1338(a); *see also Daka Rsch., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-60246, 2023 WL 5310240, at *2 (S.D. Fla. July 14, 2023), *report and recommendation adopted sub nom. Daka Rsch. Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Am. Schedule "A"*, No. 22-60246-CV, 2023 WL 5289258 (S.D. Fla. Aug. 17, 2023) ("[T]he

5

Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (providing for federal question jurisdiction) and 1338 (governing actions involving patents, copyrights, and trademarks, among others).”). Therefore, the Court has subject-matter jurisdiction over this action.

### b.    Personal Jurisdiction

In addition to subject-matter jurisdiction, a court must also have personal jurisdiction over each defendant. “A judgment rendered in the absence of personal jurisdiction is void and without legal effect.” *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, “when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*.” *Id.*

“The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum’s jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted.” *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

### i.      Service of Process

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022).

Here, Plaintiff filed a motion seeking authorization for electronic service of process pursuant to Federal Rule of Civil Procedure 4(f)(3), which the Court granted. [ECF Nos. 14; 17].

The Court authorized Plaintiff to "serve the summonses, [the] [A]mended [C]omplaint and other filings, and discovery" on Defendants through e-mail and website posting by:

a.      sending emails to each Defendant via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce platform e-mail for each of the e-commerce stores, and in the email providing the address to Plaintiff's designated website to Defendants; and

b.      publicly posting a copy of the summonses, amended complaint, and all filings in this matter on [Plaintiff]'s designated website found at: https://www.dropbox.com/sh/7jxnlm9jugvu2lg/AABoMp7AKBqiwni_WPb_Uyca?dl=0

7

[ECF No. 17, p. 3].

As noted above, the Undersigned denied Plaintiff's initial motion for default judgment (without prejudice and with leave to refile) because Plaintiff failed to show that it had served the Defaulted Defendants with a copy of the Amended Complaint. [ECF No. 123].[4]

Thereafter, Plaintiff filed a Corrected Proof of Service [ECF No. 127], indicating that Defendants had been served with a copy of the Amended Complaint via e-mail service and website posting:

> on January 13, 2023 (after having received e-mail contact information for Defendants), the Law Firm of Rubio & Associates PA effectuated service of process on the Defendants identified in Schedule A herein enclosed, by emailing copy [sic] of the Amended Complaint, Issued Summons and Sealed Temporary Restraining Order. In addition, service of process was also effectuated by publication by posting a true and correct copy of the Amended Complaint, Issued Summons and additional documents filed in this case on the website: https://www.dropbox.com/sh/7jxnlm9jugvu2lg/AABoMp7AK-Bqiwni_WPb_Uyca?dl=0.

[ECF No. 127, p. 1 (footnote omitted)].

Plaintiff explained that:

Defendants were served on January 13, 2023, with the Amended Complaint, however, **at the time of filing the prior proofs of service, Plaintiff**

---

[4]     As noted in the Undersigned's Order, "Judge Scola did not authorize alternative service of process on Defendants until December 22, 2022. [ECF No. 17]. By then, the Amended Complaint had already been filed and was the operative pleading in the case." [ECF No. 123, p. 4 n.4].

> **inadvertently stated it had served the Complaint, when in fact, it served the Amended Complaint**. As such, this filing is being made to correct the inadvertent mischaracterization of the document that was served. This correction is also being made pursuant to ECF No. 123.

*Id.* at 1, n.1 (emphasis added).

Because Plaintiff complied with Judge Scola's Order [ECF No. 17] authorizing alternative service of process over Defendants, Plaintiff has effectuated service of process on the Defaulted Defendants in the instant case. *See Leading Edge Mktg. Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-23480-CIV, 2022 WL 16756952, at *2 (S.D. Fla. Nov. 7, 2022), *report and recommendation adopted*, No. 21-23480-CIV, 2022 WL 17144227 (S.D. Fla. Nov. 22, 2022) (finding defendants have been "properly served . . . with the [c]omplaint and summonses via email and Internet publication, consistent with the Court's Order Authorizing Alternate Service"); *Ain Jeem, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 8:21-CV-1261-VMC-JSS, 2022 WL 2306858, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted sub nom. Ain Jeem, Inc. v. Individuals*, No. 8:21-CV-1261-VMC-JSS, 2022 WL 2306874 (M.D. Fla. Feb. 15, 2022) (finding that "[the] [p]laintiff [had] properly effected service on [the] [d]efendants pursuant to Federal Rule of Civil Procedure 4(f)(3)" by complying with the court's order authorizing alternate service of process).

9

### ii.        Amenability to Jurisdiction

The Amended Complaint alleges "[u]pon information and belief, Defendants are individuals, partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions." [ECF No. 10, ¶ 8]. "The plaintiff has the burden of establishing a *prima facie case* of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Warner Bros. Ent. Inc. v. Phillips*, No. 6:14-CV-1294-ORL-37, 2015 WL 4590519, at *3 (M.D. Fla. July 28, 2015) ("Even in the default judgment context, as a threshold matter, the plaintiff bears the burden of pleading sufficient facts to make out a *prima facie* case of personal jurisdiction over non-resident defendants.").

In *Leading Edge Mktg., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, this Court determined that it had "personal jurisdiction over the [d]efendants" because they had been served in accordance with the "Court's order authorizing alternative service" of process and:

> [the] [d]efendants directly target their business activities toward consumers in the United States, including Florida, and . . . [were] reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores on internet marketplaces where Florida residents

[could] purchase products bearing infringing and/or counterfeit trademarks belonging to the [p]laintiff.

No. 23-CV-21333, 2023 WL 3392684, at *2 (S.D. Fla. May 10, 2023).

Similarly here, the Amended Complaint alleges that:

9.      Defendants target their business activities towards consumers throughout the United States, **including Florida and this District** using the operation of Internet based e-commerce stores, such as Amazon.com, via Internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.

***

15.     Defendants . . . purposefully direct their sales of goods, utilizing Plaintiff's Patent, **to Florida residents** by operating stores through online Platforms that offer shipping within the United States, **including Florida and this District**. [ ] Defendants infringe Plaintiff's Patent **in this District** by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Patent through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

16.     . . . Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm **within this District** by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent **into this District**[.]

[ECF No. 10, ¶¶ 9, 15, 16 (emphasis added)].

Plaintiff has shown that the Defaulted Defendants are amenable to personal jurisdiction in Florida. Because "a defaulted defendant is deemed to have admitted the

11

movant's well-pleaded allegations of fact,"[5] these established facts provide a basis for this Court's personal jurisdiction over the Defaulted Defendants. *See TWOWS, LLC v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 823CV00139WFJMRM, 2023 WL 2837693, at *2 (M.D. Fla. Apr. 7, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this Court has specific personal jurisdiction over the [d]efendants. [The] [d]efendants, alleged to be residing or operating in outside [sic] the United States, and are alleged to have committed a tortious act within the state of Florida in satisfaction of Fla. Stat. § 48.193(1)(b).").[6]

In sum, Plaintiff has demonstrated that this Court has both subject-matter and personal jurisdiction over the Defaulted Defendants.

---

[5]    *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

[6]    *See also Lead Creation Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 8:23-CV-49-CEH-CPT, 2023 WL 1993971, at *2 (M.D. Fla. Feb. 14, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this Court has personal jurisdiction over the [d]efendants, who are alleged to be residing or operating in the People's Republic of China, because the [d]efendants directly target their business activities toward consumers in the United States, including Florida. Specifically, [the] [p]laintiff has provided a basis to conclude that [the] [d]efendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more [s]eller [a]liases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and have sold the same product that infringes directly and/or indirectly [the] [p]laintiff's patent-in-suit to residents of Florida.").

### c.      No Possibility of Inconsistent Judgments

In *Daka Rsch., Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, this Court denied without prejudice a motion for default judgment against some (but not all) defendants because "the possibility of inconsistent judgments between the [d]efaulting and [n]on-[d]efaulting [d]efendants weigh[ed] in favor of denying [the] [p]laintiff's request for a default judgment as premature." No. 22-CV-60246, 2022 WL 17583434, at *1 (S.D. Fla. Oct. 27, 2022), *report and recommendation adopted*, ECF No. 73 (S.D. Fla. Mar. 21, 2023).

Notably, the operative complaint in *Daka Rsch., Inc.* alleged one count of patent infringement against all defendants **and contained allegations that the defendants acted in concert with each other** to infringe on the plaintiff's patent. *Id.* at *3.[7] Moreover, "[t]he

---

[7]      Specifically, the operative complaint in *Daka Rsch., Inc.* alleged that:

[The] [d]efendants "without any authorization or license from [the] [p]laintiff, have **jointly and severally**, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the [p]laintiff's [p]atents." [It] further allege[d] that: (i) [the] [d]efendants, either individually **or jointly**, operate one or more e-commerce stores; (ii) **[the] [d]efendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites** (such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com) **regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits**; and (iii) [the] [d]efendants are an **interrelated group** of infringers **working in active concert** to knowingly and willfully manufacture, import, distribute, offer for sale, and sell [i]nfringing

[m]otion [for default judgment] . . . [was] silent regarding the allegations in the [operative] [c]omplaint of joint and several liability and the possibility of inconsistent liability between the [d]efaulting and [n]on-[d]efaulting [d]efendants." *Id.*

Here, the Amended Complaint [ECF No. 10] does *not* allege that Defendants are jointly and severally liable or that they worked together to violate the law. Moreover, Plaintiff asserts in the instant motion that "[t]here are no allegations of joint liability or possibility of inconsistent liability between the Default[ed] Defendants." [ECF No. 131, p. 1]; *id.* at 9.

Additionally, at the Undersigned's direction [ECF No. 134], Plaintiff filed a notice representing that "[a]t the present time there are no remaining Defendants in this action that have not been defaulted." [ECF No. 137].

Based on Plaintiff's submissions [ECF Nos. 131; 137] and representations to the Court, the Undersigned is persuaded that the entry of a default judgment against the Defaulted Defendants will *not* lead to the possibility of inconsistent liability. *See Max'is Creations, Inc. v. The Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-22920, 2022 WL 104216, at *2 (S.D. Fla. Jan. 11, 2022) (finding "no possibility

---

[p]roducts **in the same transaction**, occurrence, or series of transactions or occurrences.

2022 WL 17583434, at *3 (emphasis added; record citations omitted).

14

of inconsistent liability between the [d]efendants" where "[the] [p]laintiff ha[d] stated in its [m]otion that there [were] no allegations of joint and several liability with respect to damages" and "[t]he [d]efendants remaining in the case ha[d] not appeared and ha[d] defaulted"); *Safety Nailer LLC v. Individuals, P'ships , & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-22703, 2021 WL 6197744, at *2 (S.D. Fla. Dec. 30, 2021) (finding "a sufficient basis in the pleading for the default judgment to be entered in favor of [the] [p]laintiff with respect to the defaulting [d]efendants" where "[the] [p]laintiff has stated in its [m]otion that there [were] no allegations of joint and several liability with respect to damages" and "[the] [d]efendants remaining in the case ha[d] not appeared and ha[d] defaulted").

### d.   Liability

As noted above, Plaintiff has alleged a single count of patent infringement against Defendants. The Amended Complaint alleges that Plaintiff is the owner of the 664 Patent, a federally registered patent. [ECF No. 10, ¶ 1]. A copy of the 664 Patent is attached as Exhibit 1 to the Amended Complaint. [ECF No. 10-1]. "A properly registered patent is presumed to be valid." *Kiss Nail Prod., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. CV185625PKCAYS, 2020 WL 4679631, at *5 (E.D.N.Y. July 23, 2020), *report and recommendation adopted*, No. 18CV5625PKCAYS, 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020) (citing 35 U.S.C. § 282). "[O]vercoming that presumption requires clear and

convincing evidence." *Spectrum Pharms., Inc. v. Sandoz Inc.*, 802 F.3d 1326, 1333 (Fed. Cir. 2015). Here, the Defaulted Defendants have not challenged this presumption or otherwise participated in this lawsuit. Based on the uncontested record, Plaintiff is the owner of a valid patent.

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). In the instant case, Plaintiff has alleged the infringement of a design patent. *See* [ECF No. 10, ¶ 1 ("This is a civil action for design patent infringements pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271.")].

This Court has explained that:

A design patent is infringed when, "during the term of a patent for a design, without license of the owner" a defendant "(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." 35 U.S.C. § 289. "Determining whether a design patent is infringed is a two-step process. First, when appropriate, the design patent's claims are construed. Second, the patented design is compared to the accused device." *Pride Family Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1223-24 (S.D. Fla. 2014) "The 'ordinary observer' test is the sole test for determining whether a design patent has been infringed." *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008)). Under this test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to

16

purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528, 14 Wall. 511, 20 L. Ed. 731 (1871). "Minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. Int'l Trade Com'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (quoting *Payless Shoesource, Inc. v. Reebok Intern. Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993)) (cleaned up).

*XYZ Corp. v. Individuals, P'ships, & Unincorporated Associations Identified on Schedule "A"*, No. 22-CV-24022, 2023 WL 2815123, at *2 (S.D. Fla. Apr. 5, 2023) (emphasis added); *see also Shenzhen Changyu Tech. Co. v. Individuals, P'ships & Unincorporated Associations Identified on Schedule A*, No. 21-22138-CIV, 2021 WL 4991242, at *2 (S.D. Fla. Sept. 13, 2021) ("[The] [p]laintiff must demonstrate that the accused product infringes a patented design. First, the Court must perform claim construction on the design patent claims. *See Catalina Lighting, Inc. v. Lamps Plus*, Inc., 295 F.3d 1277, 1285 (Fed. Cir. 2002). Second, the Court must apply the "ordinary observer" test for design patent infringement. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008).").

In *Shenzhen Changyu Tech. Co.*, this Court found that the plaintiff had met its burden of establishing design patent infringement liability, in the context of a default final judgment motion, where:

> [t]he well-pleaded factual allegations of . . . [the] [c]omplaint properly contain[ed] the elements for the [patent infringement] claim and [were] admitted by virtue of [the] [d]efendants' defaults. Moreover, the [c]omplaint's factual allegations ha[d] been substantiated by sworn declarations and other evidence and establish[ed] [the] [d]efendants' liability for the claim asserted.

*Id.* at *3 (record citations omitted).

Similarly here, the Amended Complaint alleges that:

3.      Without Plaintiff's authorization or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this District through various Internet based ecommerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" . . . . Such infringement is both deliberate and willful.

***

21.      Plaintiff has not granted a license or any other authorizations to Defendants to make, use, offer for sale, sell and/or import goods that embody the design patented in the 664 Patent which is proprietary to Plaintiff.

***

28.      Defendants' use of Plaintiff's Patent to create the Counterfeit Copies, is without Plaintiff's consent or authorization.

***

40.      Without Plaintiff's permission or authorization, Defendants have infringed one or more of Plaintiff's exclusive rights relating to the federally registered 664 Patent by importing, manufacturing, offering for sale, and/or selling Counterfeit Copies which embody the design covered by Plaintiff's Patent.

*Id.* at ¶¶ 3, 21, 28, 40.

Additionally, in support of his patent infringement claim, Plaintiff has submitted his own sworn declaration [ECF No. 11] and the sworn declaration of his attorney [ECF No. 12]. Attached as Schedule C [ECF No. 131-1] to the instant motion is a side-by-side pictorial comparison of Plaintiff's patented pet center control seat and each Defaulted Defendant's infringing product.

In cases involving design patents:

> If the resemblance between the two designs is sufficient to deceive the ordinary observer, inducing him/her to purchase one thinking it was the other, then the first one patented is infringed by the other. *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1224 (S.D. Fla. 2014) (citation omitted). **A proper comparison may include a side-by-side view of the design patent drawings and the accused products, and minor differences between a patented design and the design of an accused product does not preclude a finding of infringement**. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009).

*Daka Rsch., Inc.*, 2023 WL 5310240, at *3 (emphasis added).

Here, the well-pled allegations in the Amended Complaint, deemed admitted by virtue of the default[8] and bolstered by sworn declarations and other record evidence, including side-by-side comparisons of the 664 Patent and the infringing products, establish the Defaulted Defendants' liability under the Patent Act.

Moreover, in his preliminary injunction Order, Judge Scola observed that:

**A simple comparison of the Injunction Defendants' infringing goods with [Plaintiff]'s Patent and any layman can observe the Injunction**

---

[8]    *Perez*, 774 F.3d at 1339.

**Defendants' infringement of Zhou's exclusive patent rights as the images are virtually exact duplicates or substantially similar images to the '664 Patent**. (Compare Patent at Ex. 1 (ECF No. 10-1) with screenshots of the Injunction Defendants' products on their e-commerce stores (Sch. B., ECF Nos. 12-1 to 12-9); Humberto Rubio, December 20, 2022, Decl. ("Rubio TRO Decl.") at ¶ 5, ECF No. 12; [Plaintiff] Decl. at ¶¶ 12–15).

[ECF No. 43, p. 2 (emphasis added)]. In sum, Plaintiff showed that the Defaulted Defendants have infringed on the 664 Patent.

   e.   **Damages**

   "Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Centers Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2688 at 58–59 (3d ed.1998)).

Here, Plaintiff seeks: (1) the entry of a permanent injunction and (2) monetary damages. As discussed below, Plaintiff is entitled to the relief requested.

### i.        Injunctive Relief

Plaintiff seeks the issuance of a permanent injunction. [ECF No. 131, pp. 9-12]. A court may award injunctive relief in patent infringement cases. *See Daka Rsch., Inc.*, 2023 WL 5310240, at *4 (noting that "[p]ermanent injunctive relief to prevent continued patent infringement is appropriate" where the required factors are met); *Unilin Beheer B.V. v. U.S. Wood Flooring, Inc.*, No. 17-60107-CIV, 2017 WL 5953423, at *6 (S.D. Fla. June 22, 2017) ("In a patent infringement action, a district court 'may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.'" (quoting 35 U.S.C. § 283.)). Moreover, "[i]njunctive relief is available in a default judgment setting." *XYZ Corp.*, 2023 WL 2815123, at *4 (citing *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004)).

Here, Judge Scola already entered a preliminary injunction [ECF No. 43] and Plaintiff represents to the Court that "[n]o change has occurred since then[.]" [ECF No. 131, p. 10].

To obtain a permanent injunction, Plaintiff must show: (1) irreparable injury; (2) an inadequate remedy at law; (3) that the balance of hardships weighs in favor of issuing

an injunction; and (4) the issuance of an injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

All four factors are met here. Plaintiff has shown that he is the owner of the 664 Patent and that the Defaulted Defendants (without Plaintiff's permission or license) are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of the 664 Patent through various internet-based e-commerce stores and fully interactive commercial internet websites. [ECF No. 10]. Therefore, consumers will continue to be confused by the Defaulted Defendants' unauthorized use of the 664 Patent.

Plaintiff has "expended time, money and other resources developing, advertising and otherwise promoting the 664 Patent." [ECF No. 11-1, ¶ 7]. He attests that monetary damages are insufficient "to address the loss of control over [his] intellectual property and goodwill" and that the infringing activity "impairs the market value of the 664 Patent since others competing with Defendants' businesses, or in related business areas, will not want to obtain a license to [his] 064 [sic] Patent if it is already associated with a competing business" and "potential licensees of [his] 664 Patent will not want to pay license fees if they see other commercial enterprises taking and using [his] design patent for their own commercial purposes without paying any fee at all." *Id.* at ¶¶ 17–18.

22

Thus, so long as the Defaulted Defendants continue their infringing activities, Plaintiff loses his ability to control his patent and will continue to suffer irreparable harm to his intellectual property and goodwill. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & CO's business reputation and decrease its legitimate sales."); *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005) (noting that "[g]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill. Irreparable injury can also be based upon the possibility of confusion." (citation omitted)).

Plaintiff has also shown he has no adequate remedy at law because monetary damages alone will not redress the harm to him from the Defaulted Defendant's infringement. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016) ("[The] [p]laintiff has no adequate remedy at law so long as [the] [d]efendants continue to operate the [s]ubject [d]omain [n]ames and [s]eller IDs because [the] [p]laintiff cannot control the quality of what appears to be its products in the marketplace. An award of money damages alone will not cure the injury to [the] [p]laintiff's reputation and goodwill that will result if [the] [d]efendants' infringing and counterfeiting actions are allowed to continue." (record citation omitted)).

23

The balance of harms also weighs in favor of issuing a permanent injunction. Plaintiff's injury without an injunction outweighs the impact an injunction would have on the Defaulted Defendants. *See Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1264 (S.D. Fla. 2019) (finding that the balance of harms favored the issuance of a permanent injunction where "[the] [p]laintiff face[d] hardship from loss of sales and its inability to control its reputation in the marketplace," whereas "[the] [d]efendants face[d] no hardship if they [were] prohibited from the infringement of [the] [p]laintiff's trademarks, which is an illegal act.").

Lastly, the public interest will not be disserved if the Court were to permanently enjoin the Defaulted Defendants because "a permanent injunction to prevent consumer confusion serves the public interest." *Badia Spices, Inc. v. Gel Spice Co., Inc.*, No. 1:15-CV-24391-MGC, 2019 WL 7344820, at *2 (S.D. Fla. Oct. 23, 2019); *see also Mantua Mfg. Co. v. Irize Mattress, Inc.*, No. 20-25036-CIV, 2021 WL 3375837, at *5 (S.D. Fla. Feb. 24, 2021) ("The public interest is served by the entry of a permanent injunction in that further confusion and mistake by the public will be prevented.").

In sum, Plaintiff has shown entitlement to permanent injunctive relief. Therefore, the Undersigned respectfully **recommends** that the Court enter permanent injunctive relief against the Defaulted Defendants consistent with the terms listed in Plaintiff's proposed final default judgment and permanent injunction [ECF No. 131-5, pp. 4–6].

ii.      **Monetary Damages**

Plaintiff seeks monetary damages pursuant to 35 U.S.C. § 289. [ECF No. 131, p. 12];

*see also* Amended Complaint [ECF No. 10, p. 10 (in the prayer for relief, listing monetary

damages pursuant to § 289)]. "Under 35 U.S.C. § 289, a plaintiff in a case involving the

unauthorized application or colorable imitation of a patented design on any article for

purpose of sale may elect to receive the infringer's 'total profit, but not less than $250.'"

*Max'is Creations, Inc.,* 2022 WL 104216, at *9 (quoting 35 U.S.C. § 289).

Here, Plaintiff asks for an "award the greater of the amount restrained [by the e-

commerce platforms pursuant to this Court's preliminary injunction order [ECF No. 43]]

or $250.00 for each Defaulting Defendant." [ECF No. 131, p. 14]. Plaintiff notes that

"[s]ince [the] Default[ed] Defendants have chosen not to participate in these proceedings,

Plaintiff has limited available information regarding [the] Default[ed] Defendants' profits

from the sale of Infringing Products." *Id.*

Plaintiff has filed a declaration from his counsel which includes a chart listing the

amount of restrained funds[9] for each Defaulted Defendant or denoting Plaintiff's

preference for the $250.00 minimum. [ECF No. 131-1, ¶ 11]. The Undersigned has added

the sums listed on this chart, which total $145,163.92.

---

[9]     The balances in the restrained accounts range from $0.00 to $52,518.57. [ECF No. 131-1, ¶ 10].

In *Daka Rsch., Inc.*, this Court awarded the amounts restrained in the defaulted defendants' e-commerce accounts to compensate the plaintiff for the infringement of its patent, noting that:

> based on the record before the Court, the undersigned finds that **[the] [p]laintiff is entitled to monetary damages based on the [d]efaulting [d]efendants' profits**. More specifically, in the [m]otion, [the] [p]laintiff has estimated the reasonable royalties to be the amounts currently restrained by [t]hird [p]arty [p]roviders holding funds for the [d]efaulting [d]efendants. In support of its request for monetary damages, [the] [p]laintiff has submitted the [d]eclaration of [plaintiff's counsel], which lists amounts held by Amazon in the [d]efaulting [d]efendants' known financial accounts. **These amounts range from $1,039.16 to $65,925.37 for each of the [d]efaulting [d]efendants**.

2023 WL 5310240, at *5 (emphasis added; record citations omitted).

Similarly here, the Undersigned finds that the greater of $250.00 or the amount restrained in the e-commerce account of each Defaulted Defendant is an adequate and reasonable measure of damages to compensate Plaintiff for the patent violation, given that the Defaulted Defendants have chosen not to participate in this lawsuit and the Defaulted Defendants' lost profits from the infringement cannot be ascertained.

26

Accordingly, the Undersigned respectfully **recommends** that the Court award Plaintiff the greater of $250.00 or the amounts restrained in the e-commerce accounts (totaling $145,163.92) as monetary damages for the Defaulted Defendants' infringement.

## IV.    Conclusion

For the reasons stated above, the Court should **grant** Plaintiff's motion, issue a permanent injunction against the Defaulted Defendants, and award the requested sums in monetary damages (totaling $145,163.92).

Plaintiff will provide a copy of this Report and Recommendations to the Defaulted Defendants in the same manner in which the Court authorized alternative service of process on Defendants. [ECF No. 17]. Plaintiff will file a notice of compliance on CM/ECF by no later than Wednesday, October 11, 2023.

## V.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140,

149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October

4, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

28